Loretta Carol ARMSTRONG, Plaintiff,

v.

E. G. VOGEL, Defendant.

Civ. A. No. 76–253.

United States District Court,
D. South Carolina,
Charleston Division.

Jan. 3, 1977.

Lawrence E. Richter, Jr., Charleston, S. C., for plaintiff.

John Clifford Ryan, Asst. U. S. Atty., Charleston, S. C., for defendant.

### ORDER

BLATT, District Judge.

Plaintiff brings this action seeking damages as a result of an emergency sub-total hysterectomy allegedly performed on her without her consent in March, 1972, by the defendant, while the defendant was serving on active duty with the United States Navy at the United States Naval Hospital in Charleston, South Carolina. The defendant, pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, moved to dis-miss this action on various grounds, one being that the plaintiff has heretofore re-covered judgment against the United States of America based upon a claim aris-ing from the same operation, thus barring the instant action because of 28 U.S.C.A. Section 2676, which Section reads as fol-lows:

> "The judgment in an action under Sec-tion 1346(b) of this title shall constitute a complete bar to any action by the claim-ant, by reason of the same subject mat-ter, against the employee of the govern-ment whose act or omission gave rise to the claim."

Since matters outside the pleadings in this case have been called to the court's attention and made a part of the record herein, the court shall accordingly treat this motion for dismissal as regards this ground as one for summary judgment; and both parties have been given the opportunity to supplement the record on this issue and have submitted excellent briefs covering the legal question involved.

The record herein indicates that in De-cember, 1973, the plaintiff, pursuant to the provisions of the Federal Tort Claims Act, 28 U.S.C.A., Section 1346(b), and Sections 2671, et seq., instituted suit against the United States, (C/A Number 73–1513), seeking damages due to the alleged negli-gence of certain agents and employees of the United States, one of whom was admit-tedly the defendant in the action sub judice, in performing the aforesaid operation. As a result of negotiations between the attor-neys for the parties, a Stipulation for Set-tlement was executed on February 18, 1975, which resulted in a consent Order for Judg-ment being entered by the court in said action on April 5, 1975.

Counsel for plaintiff in the instant action contends that this action is based, not on any alleged negligence of the defendant, but rather on a misrepresentation made by the defendant to the plaintiff which result-ed in her *uninformed* consent being given to allow the surgery heretofore described, and plaintiff's counsel urges that such conduct

on the part of the defendant constitutes an assault and battery upon the plaintiff's person. Since 28 U.S.C.A., Section 2680(h), proscribes suit against the United States due to any misrepresentation, or due to an assault and battery, plaintiff submits that the instant claim could not have been brought as a part of the prior action against the United States, and, thus, that the instant suit is exempted from the bar provided by Section 2676 of the Tort Claims Act.

 While it is true that the instant action alleges misrepresentation resulting in uninformed consent to an operation, this court is convinced that the instant action arises "by reason of the same subject matter" as the action originally brought by the plaintiff under the Tort Claims Act. The damages sought by the plaintiff herein, regardless of how they are characterized, allegedly arise from an operation performed upon the plaintiff by agents and employees of the United States, and the plaintiff concedes that the defendant in this action was the surgeon in charge of that operation. Thus, this court can reach no other conclusion, factually or legally, but that the instant action originates from the same subject matter as the previous action, that is, the operation performed upon the plaintiff, and the damages sought here are identical to the damages sought in the prior suit. While the claim in the instant action is set forth in different language, it is the substance of the claim which this court must consider in deciding this issue. *Gaudet v. U. S.*, 517 F.2d 1034 (5th Cir. 1975). It is true that the Federal Tort Claims Act provided, at the time of the plaintiff's operation, no statutory protection for federal employees from personal liability arising as a result of their own negligent conduct while acting within their scope of employment, but Section 2676 of that Act clearly does provide that a judgment against the United States shall constitute a bar to any later action against the particular employee involved, when the later action against that employee arises by reason of the same subject matter as the former action. In some instances, it may have been advantageous for a claimant to sue the United States for acts of malpractice of its employees under the Federal Tort Claims Act; in other instances, a claimant might well have decided to sue a federal medical employee individually in order to secure a jury trial, or to avoid the two-year statute of limitations of the Federal Tort Claims Act. Had the plaintiff originally brought suit against the defendant individually rather than choosing to bring suit against the United States, the plaintiff could have proceeded to judgment against the defendant in such action. However, the plaintiff, having previously proceeded to judgment under the Federal Tort Claims Act against the United States, is now barred, in this court's opinion, from prosecuting the instant action.

The passage of Public Law 94–464 (90 Stat. 1985), and the Legislative History of that Act (1976 Congressional and Administrative News, 4867, et seq.), although by the very terms thereof being inapplicable to the instant action, does give support, this court feels, to the conclusion reached herein.

Having determined that the instant action is barred for reasons herein set forth, this court does not find it necessary to decide the defense of official immunity advanced by the defendant, such defense being supported by the recent opinion of the Third Circuit Court of Appeals in *Martinez v. Schrock*, 537 F.2d 765 (3rd Cir. 1976); contra, *Henderson v. Bluemink*, 167 U.S. App.D.C. 161, 511 F.2d 399 (D.C.Cir. 1974). Based on the foregoing, it is

ORDERED, that summary judgment be, and the same hereby is, granted to the defendant.

AND IT IS SO ORDERED.