21871

Ralph CRIM, Respondent, v. Vernon SHIRER, Appellant.
(300 S. E. (2d) 731)

*Charlton B. Horger* of *Horger, Horger & Barnwell,* Orangeburg, *for appellant.*

*Harry S. Dent,* Columbia, *for respondent.*

March 8, 1983.

LITTLEJOHN, Justice:

This is an appeal from the trial of an action to recover damages for an alleged (1) assault and battery, and (2) slander committed by Defendant Shirer, against Plaintiff-Respondent Crim. The jury returned a verdict in favor of the Plaintiff for $500 actual damages and $10,000 punitive damages. Defendant appeals.

The facts which gave rise to this action are: Plaintiff was seeking reelection to his office as Mayor of Elloree. Defendant had supported the other candidate. On election night after Plaintiff had lost his reelection bid, the two men saw each other outside the Elloree Town Hall. After an exchange of words, Defendant struck Plaintiff in the face. Respondent instituted this action.

During the course of the trial, the judge dismissed the cause of action for slander and granted a directed verdict in favor of the Plaintiff on the liability issue in the cause of action for assault and battery. The only issue submitted to the jury was the amount of damages to be awarded Plaintiff.

Defendant raises as his first exception that the trial judge erred in his supplemental instructions to the jury coercing it to reach a verdict.

After approximately two hours of deliberation, the trial judge was informed that the jury could not reach a verdict. The jury was brought into the courtroom and supplemental instructions given. The jury was then sent back for further deliberations. About one hour later, they returned with a verdict in favor of the Plaintiff.

Defendant asserts that the additional instructions by the court were coercive and went beyond the permissible bounds in coercing the jury to reach a verdict. We agree. The supplemental instructions included the following which we find to be reversible error:

> . . . .
>
> Now, what we're going to do is that we're going to stay here just as long as it takes for us to come up with some form of verdict because we're not going to spend a day and a half of the Court's time next week with twelve more jurors on this particular case. We're going to reach a verdict of a type that speaks the truth and involves the collective wisdom of the twelve of you, and I'm not asking any of you to abandon a feeling or a belief that you feel you just cannot part with, but this case isn't a criminal case, where I wouldn't stress that you give and take. We're not dealing here with guilt or innocence of an individual. What you have to decide is one question, and that's simply an amount of money.
>
> . . . .
>
> We'll make you as comfortable as possible, but we want this litigation ended, and you twelve ladies and gentlemen, no question in my mind, you're the ones to do it.

Appellant's counsel objected to the supplemental instructions. The following colloquy took place between counsel for the Defendant and the trial judge:

THE COURT: Any exceptions to that by the Plaintiff or by the Defendant?

MR. HORGER: Your Honor, I frankly thought Your Honor made it right strong — as to the effect that they would be here until they did reach a verdict, and I think that the instructions to the effect that they had to — they had to do something. I thought they were right strong.

THE COURT: I think you're — I think you're probably right. I think they were right strong, but that was the impression I was trying to give, right or wrong.

MR. HORGER: You gave it, sir.

THE COURT: Yes, sir. I understand your taking exception to that.

It is proper and well within the discretion of the trial judge to urge a jury to agree on a verdict. But there are limitations.

This point is addressed in 76 Am. Jur. (2d) *Trial,* § 1054, Urging Agreement, in the following manner:

. . . .

Where the jury announce their inability to agree on a verdict, it is well within the discretion of the trial court to inquire whether they are likely to reach a verdict at an early date, to urge a further consideration of the case in the hope that an agreement may be reached, and to urge on the jurors an earnest effort to agree. In so doing, the court should emphasize in language readily understood that it is not endeavoring to inject its own ideas into the minds of the jurors as to the verdict they should find, and further, that in nothing said does the court intend or mean that any juror should surrender his own free will and judgment. . . .

Coercion is further discussed in subsequent § 1055, Coercion:

The old rule of the common law permitting coercion of a jury in order to secure a verdict has been swept away, and under our present jury trial system, the independence of a jury is respected. The verdict of a jury is respected. The verdict of a jury should be free and un-trammeled and cannot now stand where the jury have been subjected to any statements or directions naturally

operating to coerce or threaten them to reach an agreement, whether the coercive acts or statements originate with the judge, ... [or others.] The judge must not attempt to coerce or compel the jury to agree upon a particular verdict, or any verdict. While he may advise and persuade, he may not say or do anything which will drive the jury to a decision. There should be nothing in intercourse between the trial judge and jury having the least appearance of duress and coercion.

■ The judge clearly intimated that the jury could not be excused unless an amount was agreed to. In view of the erroneous instruction, Defendant is entitled to remand for a new trial. The trial judge was obviously motivated by good intentions and the issue is a close one, but we think the likelihood of prejudice is sufficiently strong that the verdict should not stand.

■ Defendant takes exception to the failure of the trial judge to set the verdict aside because the punitive damages were influenced by prejudice, caprice or passion. A review of the whole of the evidence indicates that the actions of the defendant were aggravated. There is no merit in this exception.

While the punitive damages may be considered liberal, they are not, in the light of the testimony, such as to necessitate a ruling by the trial judge that a new trial should be granted on that basis.

We reverse and remand for a new trial.

Reversed and remanded.

LEWIS, C.J., and GREGORY and HARWELL, JJ., concur.

NESS, J., concurs in result.

NESS, Justice (concurring):

I concur in the result reached by the majority opinion. I would al⸗ averse the punitive damage award for the reasons (1) I finᴅ ⸗vidence in the record of aggravation and (2) it is clearly excessive.

Reversed and remanded.