**Sandra B. ANDREWS,**
**Plaintiff-Respondent,**

v.

**Travis L. GEE, Defendant-Petitioner.**

**Kenneth M. ANDREWS,**
**Plaintiff-Respondent,**

v.

**Travis L. GEE, Defendant-Petitioner.**

**Civ. A. Nos. 84–1655–1, 84–1656–1.**

United States District Court,
D. South Carolina,
Charleston Division.

Dec. 11, 1984.

Nicolas C. Lempesis, Charleston, S.C., for plaintiffs-respondents.

Lee M. Robinson, Dunn & Robinson, Charleston, S.C., for defendant-petitioner.

## ORDER AND JUDGMENT

HAWKINS, District Judge.

This action is before the court on the motions of the defendant Travis L. Gee to dismiss the complaints pursuant to Rule 12(b) of the Federal Rules of Civil Procedure.[1] The court heard arguments on the motions on September 10, 1984, and a supplemental brief was received from the defendant on September 28, 1984.

### FACTS

The plaintiffs in this case seek damages from Travis Gee as a result of acts of sexual intimacy allegedly committed by the defendant with Sandra Andrews in 1978. At the time in question, the defendant was a physician's assistant on duty with the United States Navy. The instant complaints, however, seek recovery against him in his individual capacity.[2]

The record reveals that the plaintiffs initially brought a negligence action against the United States in 1980 under the Federal Tort Claims Act, 28 U.S.C. §§ 1346(b), 2671 et seq. (hereinafter the "FTCA"), and 10 U.S.C. § 1089 for damages arising from the same alleged acts. Following a bench trial, this court entered judgment for the plaintiffs on their FTCA action. See Andrews v. United States, 548 F.Supp. 603 (D.S.C.1982). In its order the court found that Travis Gee did engage in sexual relations with Sandra Andrews while she was under his care, and that, as a result, she suffered "chronic depression and confusion about her self worth." The court also found that the "marital relationship between Mr. and Mrs. Andrews [was] irrevocably harmed and is permanent in nature," and that Mrs. Andrews' treatment at the hands of Gee was "a significant contributing cause and continues to impair [Kenneth Andrews'] psychological health." Judgment for the Andrews was entered in the amount of One Hundred Thousand ($100,000.00) Dollars, which judgment has been satisfied. The judgment was later upheld by the Fourth Circuit. See Andrews v. United States, 732 F.2d 366 (4th Cir.1984).

### ARGUMENT

Defendant Gee asserts two bases for his motions to dismiss: first, that the plaintiffs are barred from bringing their actions by virtue of Section 2676 of the FTCA, and, second, in the alternative that Section 2676 does not apply, that the plaintiffs are barred by virtue of the common law doctrine of satisfaction.

Section 2676 provides that a judgment in an action under the FTCA constitutes "a complete bar to any action by the claimant, by reason of the same subject matter,

---

1. Because the parties have relied upon matters outside the pleadings, the court shall treat these motions as motions for summary judgment pursuant to Rule 56, Fed.R.Civ.P.

2. Kenneth Andrews seeks damages for alienation of affection, loss of consortium, and intentional infliction of emotional distress. Sandra Andrews claims the treatment rendered by the defendant was negligent, careless, wanton and reckless, and also claims damages for intentional infliction of emotional distress and false imprisonment.

against the employee of the government whose act or omission gave rise to the claim." Consequently, the defendant argues, the judgment against the United States for the acts of Gee as the government's employee in the earlier case would be a complete bar to the present action against Gee individually. The plaintiffs argue that Section 2676 is inapplicable to the instant action because, in its opinion affirming this court's judgment against the United States, the Fourth Circuit found that Gee was "furthering his self-interest, not his employer's business, at the time he seduced his patient."[3] Thus, the plaintiffs' argument continues, because Gee was not acting as a government employee during the acts in question, Gee cannot seek immunity under the FTCA. The plaintiffs also contend that the prior FTCA action did not extinguish the present action because they did not pursue the false imprisonment and alienation of affection claims in the earlier case.

ANALYSIS

■ As an initial matter the court rejects the plaintiffs' contention that the instant action does not arise "by reason of the same subject matter" as the earlier suit so as to avoid the bar of Section 2676. The fact that this action is based on some causes of action which the plaintiffs did not pursue in their original suit against the United States is not dispositive.[4] As explained by Judge Blatt in *Armstrong v. Vogel*, 424 F.Supp. 445, 447 (D.S.C.1977), the question for the court is whether "the substance of the claim" is the same in the two suits.

In *Armstrong*, the plaintiff sought damages against the defendant physician, in his individual capacity, for misrepresentation. The doctor had been a defendant in an earlier negligence action under the FTCA, in which judgment for the plaintiff was entered as the result of a settlement. The court granted summary judgment for the

defendant in the second action on the grounds that the second action had arisen "by reason of the same subject matter" as the earlier suit, despite the fact that misrepresentation, the cause of action in the second suit, was impermissible under the FTCA.

■ This court finds the reasoning in *Armstrong* controlling: the damages sought by the plaintiffs, "regardless of how they are characterized," *Armstrong*, 424 F.Supp. at 447, arise from the same actions towards Sandra Andrews by the defendant as those which defined the FTCA case and judgment. Moreover, an action alleging loss of consortium seeks damage for "loss of a wife's society, companionship and services," *Hughey v. Ausborn*, 249 S.C. 470, 154 S.E.2d 839 (1967). An action for alienation of affection permits recovery for "loss of consortium, humiliation, shame, mental anguish, loss of sexual relations, and the disgrace the tortious acts of the defendant have brought." *Scott v. Kiker*, 59 N.C.App. 458, 297 S.E.2d 142, 146 (1982). Both causes of action center upon the disruption of the marital relationship. It is inescapable that the instant actions against the defendant arise by reason of the "same subject matter" as the actions which resulted in a judgment for the Andrews under the FTCA.

■ This court is likewise unpersuaded by the plaintiffs' arguments that an action against the defendant is not encompassed by the Section 2676 bar because of the Fourth Circuit's finding that Gee was acting outside the scope of his employment when the alleged seduction took place. It is hornbook law that a plaintiff is entitled to but one compensation for a loss, *Truesdale v. South Carolina Highway Department*, 264 S.C. 221, 213 S.E.2d 740 (1975); *Traveler's Insurance Co. v. Allstate Insurance Co.*, 249 S.C. 592, 155 S.E.2d 591 (1967), and in *Garner v. Wyeth Laborato-*

---

3. Even though the Fourth Circuit found that Gee was not acting within the scope of his duties, the Court affirmed the judgment against the United States on the grounds that negligent supervision was the gravamen of the complaint.

4. The false imprisonment and alienation of affection claims were not pursued in the FTCA suit. *See* note 2, *supra.*

**254**

*ries,* 585 F.Supp. 189 (D.S.C., 1984), this court extended that doctrine of satisfaction to preclude a second action against defendant tortfeasors. In *Garner,* a husband and wife sought damages against the manufacturer of birth control pills following recovery of a judgment in their favor on an FTCA claim against the United States for medical malpractice. In granting the defendant manufacturer's motion for summary judgment, this court explained that, under South Carolina law, any tortfeasor is liable for the entire loss sustained, even though the acts of the one concurred or combined with those of another to produce the result. Because a plaintiff may have but one satisfaction for a wrong, once a party is fully compensated for his or her injuries, he or she is barred from filing a second lawsuit based on the same injuries.

The observations made in *Garner* are equally compelling in this case. It is clear that, even if the prior suit had not been brought under the FTCA and Section 2676 did not apply, the Andrews would nonetheless be barred from bringing the instant action. As explained earlier in this order, the injuries which form the basis of this lawsuit are identical to those adjudicated and compensated for in the earlier suit against the United States. Because the Andrews fully litigated and received compensation for their injuries arising from the defendant's conduct, they are not permitted to pursue a second case premised upon the same injuries. The satisfaction of that judgment has extinguished their cause of action. Accordingly, it is

ORDERED, that the defendant's motions for summary judgment be, and the same are hereby, granted.

AND IT IS SO ORDERED.