Jose **SERRA**, Plaintiff-Appellee,
Cross-Appellant,

v.

Paul A. **PICHARDO**,
Defendant-Appellant,
Cross-Appellee,

**Robert Elsea, Defendant-Cross-Appellee.**

Nos. 84–6103, 84–6122.

United States Court of Appeals,
Sixth Circuit.

Argued Jan. 27, 1986.

Decided March 24, 1986.

Louis DeFalaise, U.S. Atty., Lexington, Ky., Peter M. Davenport, Peter R. Maier argued, for defendant-appellant, cross-appellee.

David R. Irvin (LEAD) argued, Bulleit, Kinkead, Irvin & Reinhardt, Lexington, Ky., for plaintiff-appellee, cross-appellant.

Before KENNEDY and CONTIE, Circuit Judges; and GIBSON,* District Judge.

CORNELIA G. KENNEDY, Circuit Judge.

■ Plaintiff, formerly a federal prisoner, sued the United States and two individuals—a prison doctor and the warden—alleging negligence and deliberate indifference to plaintiff's medical needs. Plaintiff obtained a judgment for compensatory damages from the United States (for negligence) and for punitive damages from the doctor, Paul Pichardo (for deliberate indifference). The District Court directed a verdict in favor of the warden, Robert Elsea. Dr. Pichardo appeals the judgment against him on the ground, among others, that the judgment entered against the United States on plaintiff's Federal Tort Claims Act, 28 U.S.C. §§ 2671–80, claim bars plaintiff's *Bivens* action, *see Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics*, 403 U.S. 388, 91 S.Ct. 1999, 29 L.Ed.2d 619 (1971), against himself (or the warden).[1] Plaintiff cross-appeals the court's decision to direct a verdict in favor of the warden and also cross-appeals the court's refusal to admit evidence of prior acts to show that the warden knew he could not trust the judgment of Dr. Pichardo. We agree with Dr. Pichardo that under the FTCA, plaintiff's judgment against the United States on the negligence claim bars his *Bivens* actions against the individual defendants. Thus it is unnecessary to address the other issues.

Plaintiff was incarcerated at the Federal Correctional Institution in Lexington, Kentucky. He has suffered from atherosclerosis, a form of progressive cardiovascular disease, since 1971. He underwent an aortal-femoral bypass graft in Houston, Texas, in 1975, but still had to have the left leg amputated above the knee later that year. After the graft, plaintiff faced the possibility of an obstruction of the graft that would reduce circulation to the right leg and the left stump.

On the morning of June 2, 1983, plaintiff noticed a decrease in his femoral pulse, and, knowing it was a sign of an obstructed bypass graft, reported to the FCI clinic for treatment. The examining physician's assistant diagnosed a possible arterial occlu-

---

* Honorable Benjamin F. Gibson, United States District Judge for the Western District of Michigan, sitting by designation.

1. Dr. Pichardo also asserts that there is insufficient evidence to support a verdict of deliberate indifference and that his conduct falls within the scope of activity protected by qualified immunity.

sion and referred plaintiff to Dr. Pichardo. Plaintiff alleged that Dr. Pichardo's handling of the condition that day and into the next morning constituted deliberate medical indifference, in violation of the eighth amendment, and caused an otherwise unnecessary amputation of plaintiff's right leg. Plaintiff also complained that the warden was deliberately indifferent to his medical needs. Finally, plaintiff sought compensatory damages from the United States under the FTCA for the negligence of the doctor and the warden.

At trial, the United States stipulated to the negligence of its officers and employees, thus admitting liability under the FTCA and limiting the dispute on that claim to the amount of damages. The jury that was impaneled to try the *Bivens* claim against the two individuals also served as an advisory jury on the FTCA claim. The jury returned a verdict of $15,000 in punitive damages against Dr. Pichardo and an advisory verdict of $625,000 as compensatory damages against the United States. The judge adopted the advisory verdict. The United States' appeal and a cross-appeal by plaintiff of the FTCA verdict have been voluntarily dismissed.

■ We turn then to the question of whether a plaintiff's actions against individual defendants on *Bivens* claims are barred after he obtains a judgment against the government on a FTCA claim, when each claim arises out of the same acts and events. The relevant statutory provision is 28 U.S.C. § 2676.

### § 2676. Judgment as bar

The judgment in an action under section 1346(b) of this title shall constitute a complete bar to any action by the claimant, by reason of the same subject matter, against the employee of the government whose act or omission gave rise to the claim.

Defendants argue that, because plaintiff has obtained a judgment against the United States (under section 1346(b)), he is completely barred from pursuing any action against defendants for claims based on the acts or omissions that gave rise to the successful claim against the government. Plaintiff argues that section 2676 only bars him from bringing an action against defendants on the *same* claim that he successfully asserted against the government. Thus, since the claim against the government (negligence of the government's employees) is different from the claim against the individual defendants (constitutional violations committed by the employees), section 2676 does not apply.

■ The first step in determining the meaning of a statute is to look at the language Congress used. Although Congress could have stated more clearly the intended application of section 2676 to a situation such as this one, its choice of broad language indicates that it desired to do more than merely bar a plaintiff from bringing a subsequent identical action on the same claim. The section states that a judgment against the United States shall constitute a "complete" bar to "any" action by the claimant against the employee whose act or omission gave rise to the claim.[2] The only limitation on the scope of this bar is that the actions arise "by reason of the same subject matter." Thus, our decision in this case depends on whether "by reason of the same subject matter" means (a) "on the same claim" or (b) "arising out of the same actions, transactions, or occurences."

Perhaps the best guide to the meaning of "by reason of the same subject matter" is the language found in another section of the FTCA, 28 U.S.C. § 2672, dealing with the consequences of accepting a settlement from the government. It reads:

The acceptance by the claimant of any such award, compromise, or settlement shall be final and conclusive on the claimant, and shall constitute a complete release of any claim against the United States and against the employee of the

---

**2.** Although it is not clear whether "the claim" refers to the original claim or the one being asserted in the second action (*i.e.,* the one potentially barred), the reach of the section does not appear to be affected by that ambiguity.

government whose act or omission gave rise to the claim, by reason of the same subject matter.

Because this section mandates that the acceptance of a settlement shall constitute a complete release of "any" claim against the employee (or the United States) by reason of the same subject matter, it is clear that the words "by reason of the same subject matter" were not intended to limit the scope of the release to the very claim that was settled. If that were Congress' intent, it surely would not have used the words "any claim." [3] We conclude that Congress intended that the phrase "by reason of the same subject matter" be given the same interpretation in section 2676.

At least one district court agrees that "the same subject matter" is not limited to "the same claim or cause of action." In *Armstrong v. Vogel*, 424 F.Supp. 445 (D.S. C.1977), plaintiff sued a United States Navy physician for injury resulting from an emergency operation performed by the doctor. Plaintiff had previously instituted a suit against the United States, under the FTCA, seeking damages due to the alleged negligence of certain agents and employees of the United States (including the doctor) in performing the emergency operation. As a result of pre-trial negotiations, a Stipulation for Settlement was executed, resulting in a consent Order for Judgment being entered by the district court. In the action against the doctor, the doctor moved to dismiss based on section 2676. Plaintiff responded that the action was based, not on the negligence of the doctor, but rather on an alleged assault and battery, premised on allegations that the doctor had procured plaintiff's uninformed consent by making misrepresentations. Plaintiff noted that such a claim could not have been brought as part of the FTCA action.[4]

The court in *Armstrong* held that the action against the doctor arose "by reason of the same subject matter" as the action plaintiff originally brought under the FTCA. It noted that the damages alleged arose from the same operation and thus originated from the same subject matter as the previous action. The court emphasized that its duty was to look to "the substance of the claim" rather than the language with which it is set forth. *Id.* at 447.[5]

The same court also addressed this issue in *Andrews v. Gee*, 599 F.Supp. 251 (D.S.C. 1984). In *Andrews*, plaintiffs, husband and wife, sued a Navy physician's assistant for damages arising out of acts of sexual intimacy allegedly committed by the defendant with the wife. The husband sought damages for alienation of affection, loss of consortium and intentional infliction of emotional distress. The wife claimed that she was injured by negligent, careless and wanton and reckless treatment, and also sought damages for intentional infliction of emotional distress and false impris-

---

**3.** The legislative history of the FTCA provides virtually no guidance on this issue. Defendants invoke certain purposes of the Act, such as protecting government employees from the burden of litigation and personal liability. But the Act does not prevent a plaintiff from suing a government employee, so long as no judgment has been entered against the United States in a FTCA suit. (The only exception involves suits for injury or damage resulting from a government employee's operation of a motor vehicle. *See* 28 U.S.C. § 2679.) Even the language quoted by defendants from the Committee Reports reveals the incomplete nature of the Act's protection of employees from liability.

> It is just and desirable that the burden of redressing wrongs of this character be assumed by the Government alone, *within limits*, leaving the employee at fault to be dealt with under the usual disciplinary controls.

S.Rep. No. 1196, 77th Cong. 2d Sess. 5 (1942) (referring to the effect of settlements) (emphasis added).

**4.** Awarding punitive damages against the United States pursuant to a FTCA claim is precluded by 28 U.S.C. § 2674. Further, 28 U.S.C. § 2680(h) generally precludes the waiver of sovereign immunity for intentional torts of governmental officials, except for intentional torts committed by federal law enforcement officers.

**5.** The court did note that the damages sought were identical in both cases. *Armstrong* is not distinguishable on this point, though, because, as was true in this case, plaintiff in *Armstrong* would have been entitled to punitive damages had she made out her assault and battery claim. *See e.g., Crim v. Shirer*, 278 S.C. 639, 300 S.E.2d 731 (1983).

onment. In a previous FTCA action against the United States, the court found that the assistant had engaged in sexual relations with the wife while she was under his care and that, as a result, she suffered chronic depression and confusion about her self-worth. The court also found irrevocable damage to the marriage. Judgment was entered in the amount of $100,000. *Andrews v. United States*, 548 F.Supp. 603 (D.S.C.1982). The Court of Appeals for the Fourth Circuit affirmed, 732 F.2d 366 (4th Cir.1984), noting that it did not matter that the assistant was not promoting his employer's interest at the time of his wrongdoing; the gravamen of plaintiffs' complaint was negligent supervision by one of the Navy doctors.

The court in the private suit against the assistant dismissed the complaints, relying on *Armstrong*. It noted that the damages sought by plaintiffs arose from the same actions towards the wife as those that defined the FTCA case and judgment.[6] Both causes of action centered upon the same unfortunate result—the disruption of the marital relationship. *Andrews*, 599 F.Supp. at 253.[7]

In the instant case, an examination of the substance of the *Bivens* claims reveals that they arise from the same actions toward plaintiff by defendants as those that defined the FTCA case. The *Bivens* claims and the FTCA claim focus on the acts and omissions of the doctor and the warden with respect to the treatment of plaintiff on June 2 and 3, 1983. The only difference between the claims is that the *Bivens* claims involve an examination of the intent of the defendants. Furthermore, each of the claims centers upon the same injury to plaintiff's leg.

Plaintiff argues that the Court's decision in *Carlson v. Green*, 446 U.S. 14, 100 S.Ct. 1468, 64 L.Ed.2d 15 (1980), supports his interpretation of section 2676. In *Carlson*, the Court held that a *Bivens* remedy is available to a plaintiff even though plaintiff's allegations also could have supported a suit against the United States under the FTCA. But the instant case, unlike *Carlson*, deals with the effect of a FTCA judgment on a plaintiff's power to continue to pursue a *Bivens* remedy. As noted above, the scope of that power is defined and limited by a section of the FTCA that the Court in *Carlson* had no occasion to address.[8]

Finally, it is inconsequential that the claims were tried together in the same suit and that the judgments were entered simultaneously. *See Aetna Cas. & Sur. Co. v. United States*, 570 F.2d 1197, 1201 (4th Cir.) ("a judgment against the United States would automatically bar the entry of any contemporaneous or subsequent judgment against [the government employees]"), *cert. denied*, 439 U.S. 821, 99 S.Ct. 87, 58 L.Ed.2d 113 (1978); *Gilman v. United States*, 206 F.2d 846, 848 (9th Cir.1953) ("the moment judgment was entered against the Government, then by virtue of § 2676 ... the employee was no longer primarily answerable to the claimant,—he was no longer answerable at all") (footnote omitted), *aff'd*, 347 U.S. 507, 74 S.Ct. 695, 98 L.Ed. 898 (1954); *United States v. Lushbough*, 200 F.2d 717, 721 (8th Cir. 1952) ("The District Court, having awarded a judgment in favor of [plaintiff] in his action against the United States, could not

---

**6.** As was the case in *Armstrong*, the court was uninfluenced by the fact that punitive damages would have been available in the private suit, *see e.g., Ford v. Hutson*, 276 S.C. 157, 276 S.E.2d 776 (1981) (intentional infliction of emotional distress).

**7.** The court also held that it did not matter that the assistant was acting outside the scope of his employment, because state law precluded plaintiffs from having more than one satisfaction for the same wrong. *Andrews*, 599 F.Supp. at 254.

**8.** Furthermore, to the extent that the Court based its decision on the FTCA and its legislative history, it limited its focus to a newly enacted section dealing with the availability of suits against the United States for intentional torts committed by federal law enforcement officers, 28 U.S.C. § 2680(h). *Carlson*, 446 U.S. at 20, 100 S.Ct. at 1472.

in the face of the explicit provisions of the Act [section 2676] order judgment against [the government employee] in favor of [plaintiff] in the same action.").

Accordingly, we hold that plaintiff's judgment against the United States bars his actions against the individual defendants. The directed verdict in favor of Elsea is affirmed. The judgment against Dr. Pichardo is reversed. The action is remanded to the District Court with directions to enter judgment in favor of Dr. Pichardo.