**Jose Piedad SANCHEZ, Plaintiff,**

v.

**Bill ROWE, in his individual and official capacities as a U.S. Border Patrol Agent, and United States of America, Defendants.**

**No. CA-7-83-103.**

United States District Court,
N.D. Texas,
Wichita Falls Division.

Aug. 22, 1986.

Memorandum And Order Nov. 24, 1986.

Lee J. Teran, San Antonio, Tex., for plaintiff.

Wayne Hughes, Fort Worth, Tex., Madelyn Johnson, Office of Immigration Litigation, U.S. Dept. of Justice, Washington, D.C., for defendants.

## FINDINGS OF FACT AND CONCLUSIONS OF LAW

MARY LOU ROBINSON, District Judge.

This lawsuit arose out of the alleged arrest, detention, and beating of Plaintiff Jose Piedad Sanchez by Bill Rowe, an agent of the United States Border Patrol, Immigration and Naturalization Service, during an April 12, 1982, Border Patrol operation in Vernon, Texas, aimed at apprehending and deporting illegal aliens.

Plaintiff seeks damages from Defendant United States of America under the Federal Tort Claims Act, 28 U.S.C. §§ 1346(b), 2671 *et seq.*, and from Defendant Bill Rowe individually pursuant to *Bivens v. Six Unknown Agents of the Federal Bureau of Narcotics,* 403 U.S. 388, 91 S.Ct. 1999, 29 L.Ed.2d 619 (1971).

The above cause came on for trial before the Court sitting without a jury on April 16–17, 1986. The following constitutes the Court's Findings of Fact and Conclusions of Law pursuant to Fed.R.Civ.P. 52(a).

## FINDINGS OF FACT

1. Plaintiff Sanchez is a citizen of Mexico and a resident of Vernon, Texas. Plaintiff is married to a United States citizen and at all relevant times herein was employed at Wrights Meat Packing plant in Vernon, Texas.

2. Defendant Rowe was employed by the United States Border Patrol, Immigration and Naturalization Service and was at all times relevant herein an employee of the United States of America.

3. On April 12, 1982 Defendant Rowe participated in a Border Patrol operation in Vernon, Texas, and was authorized to arrest individuals for violations of the immigration laws.

4. During the course of the Vernon, Texas, operation, Border Patrol agents entered and searched the Wright Meat Packing plant. Several aliens, including Plaintiff Sanchez, were arrested at the plant and were escorted in Border Patrol vehicles to a central processing location in Vernon, Texas.

5. Plaintiff was placed on an INS bus which was to be used in transporting aliens back to Mexico and was asked to sign a voluntary departure form. Having been told by his wife not to sign any papers, Plaintiff Sanchez refused to sign the voluntary departure form.

6. Defendant Rowe came on the INS bus, questioned Plaintiff, and demanded that Plaintiff sign the voluntary departure form. When Plaintiff persisted in his refusal to sign the voluntary departure form, Defendant Rowe became angry, took Sanchez off the bus, and placed him back in one of the Border Patrol trucks.

7. Defendant Rowe drove Sanchez to various locations in and around Vernon, stopping occasionally to demand that Plaintiff sign the voluntary departure form. Each time Plaintiff refused to sign the form, Rowe struck Plaintiff with his hand about the face and head.

8. After several such incidents, Rowe drove out of Vernon, Texas, to just outside of Benjamin, Texas, where he left Plaintiff Sanchez by the side of the road.

9. As a result of the actions of Defendant Rowe, Plaintiff Sanchez sustained a broken left ear drum and several bruises and abrasions about the face and head, all of which were accompanied by significant pain and suffering. Plaintiff's injuries were not permanent.

10. The actions of agent Rowe were grossly disproportionate to the need for the use of physical force under the circumstances.

11. The actions of agent Rowe were malicious.

12. Plaintiff filed an administrative claim with the Immigration and Naturalization Service pursuant to the Federal Tort Claims Act and supplemented his claim on April 26, 1983, and June 10, 1983. The agency did not make a final disposition of the claim within six months of its submission. Plaintiff filed this lawsuit on December 27, 1983. The agency formally denied the administrative claim of Sanchez by letter dated June 29, 1984.

13. The actions of Rowe were wanton and oppressive and were done with reckless and callous indifference to Sanchez's constitutional rights.

14. Considering the medical expenses, lost wages, pain and suffering, and mental anguish proximately caused by the actions of Defendant Rowe, Plaintiff Sanchez has suffered actual damages in the amount of $25,000.00.

## CONCLUSIONS OF LAW

1. The Court has jurisdiction of the above cause pursuant to Title 28 U.S.C. §§ 1331 & 1346(b).

2. In compliance with 28 U.S.C. § 2675, Plaintiff Sanchez properly and timely submitted an administrative claim for damages resulting from the incidents made the subject of this lawsuit.

3. The preponderance of the evidence in this case establishes that Defendant Rowe, a law enforcement officer within the meaning of the FTCA, assaulted and battered Plaintiff Sanchez. The torts of assault and battery are exempt from coverage of the Federal Tort Claims Act (FTCA) *except* in those instances where the alleged tortfeasors are persons with the power to make arrests for violations of Federal Law. 28 U.S.C. § 2680(h), *Kennedy v. U.S.*, 585 F.Supp. 1119, 1123 (D.C.S.C.1984). Accordingly, the FTCA applies in the present circumstances and the United States is liable to Plaintiff for his actual damages. 28 U.S.C. § 2674.

4. The right to be free from unwarranted bodily injury at the hands of law enforcement officers is supported by both the fourth amendment guarantee of the right to be secure in one's person and the fifth amendment guarantee against the loss of liberty without due process of law. *Shillingford v. Holmes,* 634 F.2d 263, 265 (5th Cir.1981). Rowe's actions in this case caused severe injuries, were grossly disproportionate to the need for action under the circumstances, and were inspired by malice rather than merely careless or unwise excess of zeal. The Court concludes that the excess use of force by Rowe against the person of Sanchez represents an abuse of official power which shocks the conscience and which deprived Plaintiff Sanchez of his constitutional rights. *Id.*

5. Where, as in the present case, the intentional torts of a federal law enforcement officer violate constitutional rights, an action against the United States under the FTCA is not the exclusive remedy available to the plaintiff. *Carlson v. Green,* 446 U.S. 14, 100 S.Ct. 1468, 64 L.Ed.2d 15 (1908). Instead, the plaintiff "shall have an action under FTCA against the United States as well as a *Bivens* action against the individual officials alleged to have infringed their constitutional rights." *Id.* at 20, 100 S.Ct. at 1472. The conduct of Defendant Rowe violated Sanchez's rights under the fourth and fifth amendments, and thus, Rowe is individually liable in a *Bivens* action to plaintiff for his actual damages.

6. Although the FTCA expressly prohibits the assessment of punitive damages against the United States, 28 U.S.C. § 2674, punitive damages may be awarded against an individual defendant in a *Bivens* suit. *Carlson,* 446 U.S. at 22, 100 S.Ct. at 1473. Given the nature of Defendant's actions in this case, the Court concludes that it is appropriate to assess punitive damages against Defendant Rowe in the *Bivens* action in the amount of $10,000.00.

7. In a lawsuit for damages arising from violations of constitutional rights, federal law enforcement officers, like their state counterparts, may claim only qualified immunity. *Butz v. Economou,* 438 U.S. 478, 98 S.Ct. 2894, 57 L.Ed.2d 895 (1978); *McKinney v. Whitfield,* 736 F.2d 766, 769 n. 15 (D.C.Cir.1984); *Bivens v. Six Unknown Agents,* 456 F.2d 1339 (2nd Cir. 1972) (on remand); *Crain v. Krehbiel,* 443 F.Supp. 202, 216 (N.D.Cal.1978). Qualified immunity shields government officials from liability where their conduct does not violate clearly established constitutional rights of which a reasonable man would have known. *Harlow v. Fitzgerald,* 457 U.S. 800, 818, 102 S.Ct. 2727, 2738, 73 L.Ed.2d 396 (1982). That a reasonable person would have known that the above described conduct would violate Plaintiff's clearly established constitutional rights is not subject to serious dispute. Defendants Rowe and the United States are not entitled to immunity from liability for the damages sustained by Plaintiff.

## JUDGMENT

There remains a question in this case which has not received significant attention from the parties. That question is as follows:

Given the fact that Plaintiff has established his causes of action against both the United States under FTCA and against Rowe individually under *Bivens,* against whom should judgment be rendered?

In *Carlson v. Green,* the Supreme Court held that FTCA was not the exclusive remedy for the intentional torts of federal law enforcement officers, stating that "victims of the kind of intentional wrongdoing alleged in the complaint shall have an action under FTCA against the United States as well as a *Bivens* action against the individual officers alleged to have infringed their constitutional rights." 100 S.Ct. at 1472. *Carlson* relied on the fact that Congress views FTCA and *Bivens* as parallel, complementary causes of action. It should be noted that *Carlson* did not involve a lawsuit brought under both FTCA and *Bivens.* Thus the Court did not address the ques-

tion of whether a Plaintiff could pursue both causes of action simultaneously or the nature of the judgment to be rendered should the Plaintiff do so.

28 U.S.C. § 2676 provides:

The judgment in an action under section 1346(b) of this title shall constitute a complete bar to any action by the claimant, by reason of the same subject matter, against the employee of the government whose act or omission gave rise to the claim.

The causes of action before the Court appear to be clearly within the language of Section 1346(b). Therefore, the Court requires the assistance of counsel in determining the judgment to be rendered. Plaintiff shall file a motion for judgment and brief supporting it within 15 days of the entry of this order. Defendant shall respond by brief within 10 days of the filing of Plaintiff's motion and brief.

It is so ORDERED.

## MEMORANDUM AND ORDER

### I. *INTRODUCTION*

This case arose from the arrest, detention and beating of Plaintiff Jose Piedad Sanchez by Defendant Bill Rowe. Rowe was an agent of the U.S. Border Patrol, Immigration and Naturalization Service. Plaintiff brought suit under both the FTCA and *Bivens*. After trial without a jury, the Court found the United States liable under the FTCA for $25,000 in actual damages. The Court also found Rowe liable under *Bivens* and assessed punitive damages of $10,000 against him. The Court asked the parties for post-trial briefing on the issue of against whom should judgment be entered in light of 28 U.S.C. § 2676.

Plaintiff argues that a judgment against the United States and Rowe for actual damages as well as a judgment for punitive damages against Rowe individually is permissible. Plaintiff supports this conclusion with language from *Carlson v. Green*, 446 U.S. 14, 100 S.Ct. 1468, 64 L.Ed.2d 15 (1980),[1] and with his interpretation of § 2676.

Defendants argue that judgment should be entered against the United States only. As authority for their argument, Defendants cite the plain language of § 2676 and rely on several federal appellate cases, particularly *Serra v. Pichardo*, 786 F.2d 237 (6th Cir.1986).

### II. DISCUSSION

If the language of a statute is plain and unambiguous, the Court must enforce it according to its terms. Sutherland Stat. Const. § 46.01 (4th Ed. 1984), *citing Caminetti v. United States*, 242 U.S. 470, 485, 37 S.Ct. 192, 194, 61 L.Ed. 442 (1917). 28 U.S.C. § 2676 states:

The judgment in an action under section 1346(b) of this title shall constitute a complete bar to any action by the claimant, by reason of the same subject matter, against the employee of the government whose act or omission gave rise to the claim.

■ This language is plain. The statute unambiguously states that a judgment against the United States under the FTCA completely precludes any action against the employee based on the same factual events.[2] Therefore, a judgment in this case against the United States under the FTCA for actual damages bars any additional judgment against Rowe.

The Sixth Circuit recently reached the same conclusion in *Serra*. Like the

---

**1.** *Carlson* states that *Bivens* actions are "parallel" and "complimentary" to FTCA claims, and that a plaintiff may have "an action under the FTCA as against the United States as well as a *Bivens* action against the individual officers." 446 U.S. at 20, 100 S.Ct. at 1472. *Carlson*, however, did not involve a suit brought under both the FTCA and *Bivens*. Further, *Carlson* did not address the effect of § 2676 as a bar to additional judgment against the employee individually.

**2.** Plaintiff argues that in light of *Carlson*, § 2676 must be read as only precluding double recovery of damages. The Court in *Serra*, however, determined that the holding in *Carlson* does not alter the plain meaning of § 2676 because *Carlson* did not deal with the effect of a FTCA judgment on a plaintiff's power to continue to pursue a *Bivens* remedy. 786 F.2d at 241.

present case, *Serra* involved a claim against the United States under the FTCA and a claim against the employee individually under *Bivens*. Also like the present case, the Court found that the FTCA claim and the *Bivens* claim arose from a single set of actions taken by the defendants against the plaintiff. 786 F.2d at 241. The Court held that because plaintiff got a judgment against the United States under the FTCA, § 2676 barred any further or simultaneous action against the employee in his individual capacity. *Id.* at 241–242.[3]

### III. CONCLUSION

In conclusion, Plaintiff is entitled to recovery either against the United States under the FTCA for actual damages or to recovery from Rowe under *Bivens*. If Plaintiff elects to recover from the United States, he is barred from any recovery against Rowe by 28 U.S.C. § 2676. Plaintiff has ten days to make an election. If Plaintiff fails to file a written election within ten days from entry of this order, the Court will enter judgment against the United States under the FTCA for $25,000 in actual damages.

It is so ORDERED.

George M. Maurer, Jr., Maurer and Kalls, Detroit, Mich., for plaintiff.

Karen Kienbaum, Asst. Gen. Counsel, Blue Cross Blue Shield of Michigan, Detroit, Mich., for defendant.

---

**3.** Other courts have found that this view of the effect of § 2676 is correct: *Birnbaum v. United States,* 588 F.2d 319, 333 (2nd Cir.1978); *Aetna Casualty and Surety Co. v. United States,* 570 F.2d 1197, 1201 (4th Cir.1978); *Henderson v.* *Bluemink,* 511 F.2d 399, 404 (D.C.Cir.1974); *Gilman v. United States,* 206 F.2d 846, 848 (9th Cir.1953); *United States v. Lushbough,* 200 F.2d 717, 721 (8th Cir.1952).