



# OPINION

No. 04-11-00803-CV

**MAVERICK COUNTY HOSPITAL DISTRICT (MCHD)**
and James H. Fowler, M.D.,
Appellants

v.

Edwin **MARTIN** and Esther Martin,
Individually and as Representative of the Estate of Robert Martin,
Appellees

From the 365th Judicial District Court, Maverick County, Texas
Trial Court No. 10-12-26093-MCVAJA
Honorable Amado J. Abascal, III, Judge Presiding

Opinion by:   Phylis J. Speedlin, Justice
Concurring Opinion by:  Sandee Bryan Marion, Justice

Sitting:   Sandee Bryan Marion, Justice
Phylis J. Speedlin, Justice
Rebecca Simmons, Justice

Delivered and Filed:   May 23, 2012

REVERSED AND DISMISSED; REMANDED

This is an election of remedies case under the Texas Tort Claims Act. We must decide whether, under the facts of the case, section 101.106(a) applies, and therefore bars any claim against the individual physician-employee of the governmental entity. *See* TEX. CIV. PRAC. & REM. CODE ANN. § 101.106(a) (West 2011).

## BACKGROUND

Edwin Martin and Esther Martin, individually and as representatives of their son Robert Martin's estate, filed a wrongful death and survival lawsuit in December 2010, against James H. Fowler, M.D., a surgeon who operated on Robert. The petition alleged that Dr. Fowler was negligent and grossly negligent in the performance of the surgery and the post-operative treatment of Robert. Dr. Fowler moved to dismiss the lawsuit on the ground that he was an employee of a governmental entity, Maverick County Hospital District, and was therefore entitled to dismissal under the election-of-remedies provision of the Tort Claims Act. *See* TEX. CIV. PRAC. & REM. CODE ANN. § 101.106(f) (West 2011) (providing for dismissal of a suit that is filed against an employee of a governmental unit based on conduct within the general scope of employment). Although the Martins initially opposed Dr. Fowler's motion to dismiss, they later amended their pleadings to drop Dr. Fowler as a named defendant, and named Maverick County Hospital District as the sole defendant. Their second amended original petition filed in March 2011 claimed that Maverick County Hospital District was vicariously liable for the negligent acts of its agent, Dr. Fowler.

Subsequently, in June 2011, the Martins filed a third amended original petition adding a new defendant, Fort Duncan Medical Center, to the lawsuit. The Martins alleged that Fort Duncan Medical Center, a private medical center where Robert's surgery took place, was negligent in its credentialing of Dr. Fowler. Thereafter, Dr. Fowler's deposition was taken. In his deposition, Dr. Fowler testified that almost a month after Robert's surgery he created an addendum to his operative report that added a surgical procedure he did not intend to perform and in fact did not perform. Dr. Fowler testified that he made the addendum at the request of Fort Duncan Medical Center. After Fowler's deposition, the Martins amended their pleadings

three more times. Their fourth amended original petition added Dr. Fowler back into the lawsuit as a named defendant based on an allegation that, with the intent to deceive or mislead, he added an addendum to the operative report of Robert Martin which contained false information. In their current sixth amended petition, the Martins allege (1) Maverick County Hospital District is liable for the negligent acts of its agent, Dr. Fowler, in his performance of surgery and post-operative treatment of Robert Martin, and (2) Dr. Fowler and Fort Duncan Medical Center acted in concert almost two weeks after the death of Robert Martin to falsify the operative report of the surgery "in order to gain an economic advantage in the potential litigation of this action or to conceal material facts that would implicate Defendant Dr. James Fowler M.D. and Defendant Fort Duncan Medical Center, L.P." As to Dr. Fowler, the Martins expressly assert that he was acting outside the course and scope of his employment with Maverick County Hospital District when he falsified the operative report.

Maverick County Hospital District and Dr. Fowler filed a joint motion to dismiss Dr. Fowler from the lawsuit in his individual capacity, arguing that Dr. Fowler was an employee of Maverick County Hospital District. They argued that the Martins made an irrevocable election to sue Maverick County Hospital District when they named the hospital as the sole defendant in their second amended petition, and therefore suit against Dr. Fowler is barred under section 101.106(a) of the Tort Claims Act. TEX. CIV. PRAC. & REM. CODE ANN. § 101.106(a).[1] The Martins opposed the motion to dismiss, asserting the movants had failed to establish that the fraud claim against Dr. Fowler for altering medical records was for conduct within the scope of his employment at Maverick County Hospital District.

---

[1] Maverick County Hospital District and Dr. Fowler also pled in the alternative that suit against Dr. Fowler is barred under section 101.106(f) because he was acting within the general scope of his employment with the hospital district. TEX. CIV. PRAC. & REM. CODE ANN. § 101.106(f).

At the hearing on the motion to dismiss, the trial court was presented with various affidavits and deposition testimony, and the curriculum vitae and report of John C. Hyde, Ph.D., a health care expert. Dr. Fowler stated by affidavit that in July 2009 he was employed by Maverick County Hospital District as a physician, and that all of the care he provided Robert Martin while he was a patient at Fort Duncan Medical Center was performed pursuant to his employment with Maverick County Hospital District and was within the course and scope of his employment. The deposition testimony of Ms. Elcira Bares, CEO of Maverick County Hospital District, confirmed that Dr. Fowler was required by his employment contract with the hospital district to document patient care because medical record documentation is part of the administrative and professional function of the physician in rendering patient care. Dr. Fowler was therefore required to document his care of Robert Martin within the patient's medical record at Fort Duncan Medical Center, and would have been acting within the scope of his employment with Maverick County Hospital District at the time he completed the patient history and physical, the discharge summary, and the operative addendum for Robert Martin. Bares further testified that, although documentation at the time of surgery is preferable, the hospital rules allow a window of thirty days to complete dictation and documentation. Bares acknowledged that it would not be within the scope of Dr. Fowler's employment to place fraudulent information in the patient's medical record, and that Maverick County Hospital District would not condone such conduct.

Finally, John Hyde, Ph.D., the Martins' health care administration expert, opined in his report as follows:

> It is painfully clear that the Fort Duncan Regional Medical Center medical record of Mr. Martin contains false and inaccurate information. From the deposition testimony of Dr. Fowler, the actual care and treatment of Mr. Martin is not accurately or truthfully portrayed in his medical record. The admission that the

medical record has been constructed, vis-à-vis late entries designed to seemingly account for surgical interventions that were not planned or even indicated, "paints a graphic picture" of medical record fabrication and deception.

At the conclusion of the hearing, the trial court denied the motion to dismiss Dr. Fowler from the lawsuit in his individual capacity. This interlocutory appeal followed.

## DISCUSSION

On appeal, Dr. Fowler and Maverick County Hospital District argue the trial court erred in denying their motion to dismiss because (1) the Martins made an irrevocable election pursuant to TEX. CIV. PRAC. & REM. CODE ANN. § 101.106(a) which forever bars suit against Dr. Fowler, and (2) the allegations of record tampering by Dr. Fowler arise out of the same subject matter as the claims against the hospital district.

### *Standards of Review*

The election of remedies provision under the current Texas Tort Claims Act confers immunity from suit or recovery. *Franka v. Velasquez*, 332 S.W.3d 367, 371 n.9 (Tex. 2011). "Immunity from suit deprives a trial court of jurisdiction." *City of Houston v. Williams*, 353 S.W.3d 128, 133 (Tex. 2011). We review a trial court's ruling on a challenge to the trial court's subject matter jurisdiction de novo. *Tex. Dep't of Parks & Wildlife v. Miranda*, 133 S.W.3d 217, 228 (Tex. 2004). We review matters of statutory construction de novo. *City of Rockwall v. Hughes*, 246 S.W.3d 621, 625 (Tex. 2008).

### *Election of Remedies*

Section 101.106 of the Tort Claims Act, entitled "Election of Remedies," contains six subsections ((a)–(f)) dealing with grants of immunity and procedural requirements for suits seeking to recover from a governmental unit, its employee, or both. TEX. CIV. PRAC. & REM. CODE ANN. § 101.106(a)–(f) (West 2011); *Tex. Dep't of Pub. Safety v. Deakyne*, No. 04-11-

00271-CV, 2012 WL 726916, at *2 (Tex. App.—San Antonio March 7, 2012, no pet. h.). Here, the record establishes that the Martins dropped Dr. Fowler as a defendant in their second amended petition and named only Maverick County Hospital District. Because the hospital district is a governmental entity, section 101.106(a) of the Tort Claims Act applies to this suit. Section 101.106(a) reads as follows:

> The filing of a suit under this chapter against a governmental unit constitutes an irrevocable election by the plaintiff and immediately and forever bars any suit or recovery by the plaintiff against any individual employee of the governmental unit regarding the same subject matter.

TEX. CIV. PRAC. & REM. CODE ANN. § 101.106(a).

Dr. Fowler and the hospital district argue that since section 101.106(a) applies, and the Martins made an irrevocable election when they chose to sue only the governmental entity, the Martins cannot now sue Dr. Fowler for a claim regarding the same subject matter. *See id.*; *see also Mission Consol. Indep. Sch. Dist. v. Garcia*, 253 S.W.3d 653, 657 (Tex. 2008) (noting that section 101.106(a) requires a plaintiff to make an irrevocable election at the time suit is filed between suing the governmental unit or only the employee). In response, the Martins argue their record tampering claims against Dr. Fowler are not barred by section 101.106(a) because those claims (1) do not involve the same subject matter as their medical negligence claims against Maverick County Hospital District, (2) are not made against a governmental employee that was acting within the general scope of his employment, or (3) have never been made against a governmental entity.

*Same Subject Matter*

The Texas Supreme Court has already interpreted the words "same subject matter" in an earlier but substantially similar version of section 101.106. *See Dallas Cnty. Mental Health and Mental Retardation v. Bossley*, 968 S.W.2d 339, 344 (Tex. 1998). Relying on cases under the

Federal Tort Claims Act, our Supreme Court defined the phrase "involving the same subject matter" to mean "arising out of the same actions, transactions, or occurrences." *Id.* (citing *Serra v. Pichardo*, 786 F.2d 237, 239 (6th Cir.), *cert denied,* 479 U.S. 826 (1986) (interpreting the statutory language "by reason of the same subject matter" in the Federal Tort Claims Act)). That definition is equally applicable to the current version of section 101.106. The relevant inquiry therefore becomes whether the record tampering claim against Dr. Fowler arises out of the same "actions, transactions, or occurrences" as the medical negligence claim against the hospital district. We think they do.

The substance of both claims at issue here arise by reason of the same occurrence—the operation on and post-operative treatment of Robert Martin. The wrongful death and survival suit against the hospital district is premised on the acts and omissions of Dr. Fowler with respect to his surgery and post-operative treatment. The record tampering claim involves Dr. Fowler's actions, and his intent, in completing the medical records associated with the same surgery and post-operative treatment. Thus, both claims involve the same occurrence, and thus involve the same subject matter. *See Bossley*, 968 S.W.2d at 344 (plaintiffs' claims against facility's employees for negligence in failing to prevent patient from committing suicide by leaving door unlocked arose out of the same actions and occurrences as their claim against Dallas County MHMR); *see also Lowry v. Pearce*, 72 S.W.3d 752, 755 (Tex. App.—Waco 2002, pet. denied) (claims against individual employees arose out of the same subject matter as claims against school and Department of Mental Health and Mental Retardation—"Robert's death and the surrounding events"); *White v. Annis*, 864 S.W.2d 127, 131 (Tex. App.—Dallas 1993, writ denied) (same occurrence—breaking of leg by exploding truck tire owned by City—gave rise to statutory action against City and common law action against city employee); *Armstrong v. Vogel*,

424 F.Supp. 445, 447 (D.S.C. 1977) (second suit for alleged assault and battery based on claims of uninformed consent to surgery arose "by reason of the same subject matter" as negligence claims against doctor who performed surgery). Accordingly, because the record tampering claim against Dr. Fowler arises out of the same subject matter as the medical negligence suit against Maverick County Hospital District, Dr. Fowler is entitled to the immunity provided under section 101.106(a). TEX. CIV. PRAC. & REM. CODE ANN. § 101.106(a).

The Martins also argue that their record tampering claim against Dr. Fowler is not a health care liability claim because the underlying fraudulent conduct is not directly related to health care, did not occur during the patient's medical care, and is not an inseparable part of the rendition of medical care; therefore, it does not involve the "same subject matter" as the Martin's suit against the hospital district. However, the relevant inquiry for purposes of section 101.106(a) is not whether the claim against the individual employee is based upon the same or different cause of action, but whether both actions involve the same subject matter, which they do in the instant case. *Bossley*, 968 S.W.2d at 343; *White*, 864 S.W.2d at 131 ("If the legislature had intended for a judgment in a Tort Claims Act case to bar only actions against the employee based on the same cause of action, it would have written the statute to so provide. Instead, the legislature used a broad term, "subject matter.").

*Scope of Employment*

Nor are we persuaded by the Martins' argument that Dr. Fowler and Maverick County Hospital District had to establish that Dr. Fowler was acting within the course and scope of his employment. Under the statutory scheme of section 101.106, the concept of "general scope of the employee's employment" is only referenced in subsection (f). Subsection (f) applies when an individual employee of a governmental entity is sued in his official capacity and seeks

dismissal based on official immunity.[2]  *Franka*, 332 S.W.3d at 382-83; *see Deakyne*, 2012 WL 726916, at *6.

The Martins rely heavily on *Kelemen v. Elliott*, 260 S.W.3d 518 (Tex. App.—Houston [1st Dist.] 2008, no pet.).  In *Kelemen*, a city police officer was terminated after reporting that she was sexually assaulted by another police officer.  *Id.* at 520.  She then brought suit against the officer asserting various common law assault-based claims and against the city for statutory claims of retaliation and discrimination.  *Id.*  The city moved to dismiss the officer from the lawsuit based on immunity under section 101.106(f) of the Tort Claims Act.  *Id.* (a defendant is entitled to dismissal under § 101.106(f) upon proof the suit (1) is based on conduct within the scope of the defendant's employment with a governmental unit, and (2) could have been brought against the government unit under the Tort Claims Act).  The Houston Court of Appeals refused to dismiss the individual officer because he failed to meet the first prong of his burden of proof, that is, he failed to show that kissing a fellow officer was within the general scope of his employment with the city.  *Id.* at 524.

We find *Kelemen* distinguishable.  The statutory provision at issue in *Kelemen* was subsection (f) of section 101.106, not subsection (a) as in the instant case.  The claimant in *Kelemen* sued the city under the Texas Commission of Human Rights Act and the Whistleblower Act — distinct statutory claims that do not fall "under" the Tort Claims Act.  *Id.* at 523.  "Claims against the government brought pursuant to waivers of sovereign immunity that exist apart from the Tort Claims Act are not brought 'under [the Tort Claims Act].'"  *Franka*, 332 S.W.3d at 379.

---

[2] Subsection (f) of section 101.106 provides, "If a suit is filed against an employee of a governmental unit based on conduct within the general scope of that employee's employment and if it could have been brought under this chapter against the governmental unit, the suit is considered to be against the employee in the employee's official capacity only.  On the employee's motion, the suit against the employee shall be dismissed unless the plaintiff files amended pleadings dismissing the employee and naming the governmental unit as defendant on or before the 30th day after the date the motion is filed."  TEX. CIV. PRAC. & REM. CODE ANN. § 101.106(f).

Accordingly, the only claim under the Tort Claims Act in *Keleman* was against the individual employee, not the governmental entity; therefore, subsection (f) applied, not subsection (a).

Here, by contrast, the Martins brought common law tort claims against the hospital district for the alleged negligence of Dr. Fowler. Thus, the Martins filed suit under the Tort Claims Act against "a governmental unit," and therefore section 101.106(a) applies to this case. TEX. CIV. PRAC. & REM. CODE ANN. § 101.106(a); *see Franka*, 332 S.W.3d at 378 (all common law tort theories alleged against a governmental unit, whether sued alone or together with its employees, are assumed to be under the Tort Claims Act for purposes of section 101.106).

*Record Tampering Claim Was Never Made Against Governmental Unit*

Finally, the Martins assert subsection (a) should not bar their suit against Dr. Fowler because the record tampering claim has never been made against a governmental entity. The Martins stress that this is not a case of alternative pleadings—none of the medical negligence claims asserted against the hospital district are asserted against Dr. Fowler, and none of the record tampering claims against Dr. Fowler have been asserted against the hospital district. Therefore, they argue section 101.106(a) does not, and should not, apply because application of subsection (a) does not meet the purpose of the statute. *See Garcia*, 253 S.W.3d at 656 (purpose of section 101.106 is "to force a plaintiff to decide at the outset whether an employee acted independently and is thus solely liable, or acted within the general scope of his or her employment such that the governmental unit is vicariously liable"). Although the Martins' argument has some appeal, we are constrained by the wording of the statute. Since the claims against Maverick County Hospital District and Dr. Fowler do involve the same subject matter, there simply exists no statutory mechanism to permit the Martins to proceed against Dr. Fowler, even for his purportedly fraudulent actions. TEX. CIV. PRAC. & REM. CODE ANN. § 101.106(a).

CONCLUSION

In summary, the filing of a suit solely against a governmental entity falls under subsection (a) of section 101.106, the election of remedies provision in the Texas Tort Claims Act. That provision expressly and clearly provides that the filing of a suit against a governmental entity constitutes an irrevocable election by the plaintiff. TEX. CIV. PRAC. & REM. CODE ANN. § 101.106(a). Here, when the Martins voluntarily filed their second amended petition naming only Maverick County Hospital District as a defendant, they made that irrevocable election, and are now barred from filing "any suit" against an individual employee of that governmental unit regarding the same subject matter. *Id.*; *see Garcia*, 253 S.W.3d at 657 ("Because the decision regarding whom to sue has irrevocable consequences, a plaintiff must proceed cautiously before filing suit and carefully consider whether to seek relief from the governmental unit or from the employee individually."). Having determined that the conduct in question in both the record tampering and the medical negligence claims involves the same subject matter, we hold that section 101.106(a) binds the Martins to their election and bars them from suing Dr. Fowler regarding the same subject matter.

Based on the reasons set forth in this opinion, we reverse the trial court's order denying the motion to dismiss by Dr. Fowler and Maverick County Hospital District, dismiss Dr. Fowler as a named defendant in the suit, and remand the cause to the trial court for further proceedings against Maverick County Hospital District.

Phylis J. Speedlin, Justice