**Marvin LEWIS, Plaintiff,**

v.

**Mary SAUVEY, M.D. and M.E. Baldwin, Defendants.**

Civ. A. No. 88–CV–70249–DT.

United States District Court,
E.D. Michigan, S.D.

March 15, 1989.

Marvin Lewis, Memphis, Tenn., in pro. per.

Geneva Halliday, Asst. U.S. Atty., Detroit, Mich., for defendants.

OPINION AND ORDER ACCEPTING IN PART AND REJECTING IN PART THE MAGISTRATE'S REPORT AND RECOMMENDATION AND GRANTING SUMMARY JUDGMENT FOR DEFENDANT M.E. BALDWIN AND GRANTING DEFENDANT MARY SAUVEY, M.D.'S MOTION TO DISMISS

DUGGAN, District Judge.

Plaintiff brought this action *in pro per* while incarcerated at the Federal Correctional Institution in Milan, Michigan,[1] alleging a violation of his constitutional rights under *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics,* 403 U.S. 388, 91 S.Ct. 1999, 29 L.Ed.2d 619

---

1. After filing suit, plaintiff was transferred to the Federal Correctional Institution in Mem-    phis, Tennessee.

(1971). Plaintiff asserts that defendant Mary Sauvey, M.D. intentionally deprived plaintiff of medical treatment, in violation of the eighth amendment, by refusing to honor plaintiff's request for a "medical bottom bunk" (i.e., a medical recommendation that plaintiff be assigned to a bottom bunk), and by discontinuing the plaintiff's medication. Plaintiff also alleges that he never received a low sodium diet or support hose, which Dr. Sauvey prescribed for him. Plaintiff alleges that defendant M.E. Baldwin, a physician's assistant, refused to give plaintiff his medication for depression, and that defendant Baldwin told plaintiff that Baldwin was going to get plaintiff's heart medication taken away, as well.

On September 27, 1988, defendants filed a Motion to Dismiss under Fed.R.Civ.P. 12(b)(6), for failure to state a claim upon which relief can be granted, as to plaintiff's claims against defendant Sauvey, and a Motion for Summary Judgment under Fed. R.Civ.P. 56(c), as to defendant Baldwin. The Court referred the motion to a Magistrate, pursuant to 28 U.S.C. § 636(b)(1)(B). The Magistrate submitted a Report and Recommendation to the Court, in which he recommended that the Motion for Summary Judgment on plaintiff's claims against defendant Baldwin be granted. He recommended that the Motion to Dismiss plaintiff's claims against defendant Sauvey be denied. No objections to the Report and Recommendation have been filed.

The Court, having reviewed the pleadings filed in this action, including the Magistrate's Report and Recommendation, and no objections having been filed to such Report and Recommendation, hereby accepts and adopts the Magistrate's Report and Recommendation as the findings and conclusions of the Court as to plaintiff's claim against defendant Baldwin. The Court rejects the Report and Recommendation as it relates to defendant Sauvey.

■ The Court concurs with the Magistrate's conclusion that defendant Baldwin is entitled to summary judgment. Plaintiff admits, in his response to defendants' motion, that defendant Baldwin was carrying out the orders of Dr. Sauvey when Baldwin "denied [plaintiff] medical treatment." (Plaintiff's "Response to defendants' Motion to Dismiss and for a Summary Judgment" at p. 6.) Further, the declaration of Dr. Sauvey states that, on December 31, 1987, Dr. Sauvey ordered that plaintiff's medication for depression (Vistaril) be discontinued. Plaintiff's Complaint states that defendant Baldwin refused to give Vistaril to the plaintiff on January 14, 1988. As stated in the Magistrate's Report and Recommendation, plaintiff has failed to allege that defendant Baldwin intentionally deprived plaintiff of medical treatment, in violation of the eighth amendment.

■ With regard to the Motion to Dismiss plaintiff's claims against Dr. Sauvey, the Court rejects the Magistrate's recommendation that defendant Sauvey's motion be denied. Defendant Sauvey seeks dismissal under Fed.R.Civ.P. 12(b)(6) on the basis of immunity. Defendant Sauvey relies on 42 U.S.C. § 233(a), which provides that an action against the United States under the Federal Tort Claims Act ("FTCA") is the exclusive civil remedy for personal injuries resulting from the performance of medical functions by any commissioned officer or employee of the Public Health Service while acting within the scope of his or her office or employment.[2] *See Flickinger v. U.S.*, 523 F.Supp. 1372, 1374 (W.D.Penn.1981). The declaration of Dr. Sauvey states that she is the Chief of Health Programs for the Federal Corrections Institution at Milan, Michigan, and is

---

**2.** 42 U.S.C. § 233(a) states:

The remedy against the United States provided by sections 1346(b) and 2672 of Title 28, or by alternative benefits provided by the United States where the availability of such benefits precludes a remedy under section 1346(b) of Title 28, for damage for personal injury, including death, resulting from the performance of medical, surgical, dental, or related functions, including the conduct of clinical studies or investigation, by any commissioned officer or employee of the Public Health Service while acting within the scope of his office or employment, shall be exclusive of any other civil action or proceeding by reason of the same subject-matter against the officer or employee (or his estate) whose act or omission gave rise to the claim.

commissioned in the Public Health Service, as required for the application of 42 U.S.C. § 233(a).

In *Carlson v. Green*, 446 U.S. 14, 100 S.Ct. 1468, 64 L.Ed.2d 15 (1980), the U.S. Supreme Court noted that:

> *Bivens* established that the victims of a constitutional violation by a federal agent have a right to recover damages against the official in federal court despite the absence of any statute conferring such a right. Such a cause of action may be defeated in a particular case, however, in two situations. The first is when defendants demonstrate "special factors counselling hesitation in the absence of affirmative action by Congress." 403 U.S., at 396, 91 S.Ct., at 2004; *Davis v. Passman*, 442 U.S. 228, 245, 99 S.Ct. 2264, 2277, 60 L.Ed.2d 846 (1979). The second is when defendants show that *Congress has provided an alternative remedy which it explicitly declared to be a substitute for recovery directly under the Constitution and viewed as equally effective. Bivens, supra,* [403 U.S.,] at 397, 91 S.Ct., at 2005; *Davis v. Passman, supra,* [442 U.S. 228,] at 245–247, 99 S.Ct. [2264], at 2277–2278 [60 L.Ed.2d 846 (1979)].

*Carlson v. Green*, 446 U.S. at 18–19, 100 S.Ct. at 1471. (Emphasis added.)

> The *Carlson* court went on to state that: "Congress follows the practice of explicitly stating when it means to make FTCA an exclusive remedy. *See* 38 U.S.C. § 4116(a), *42 U.S.C. § 233(a)*, 42 U.S.C. § 2458a, 10 U.S.C. § 1089(a), and 22 U.S. C. § 817(a) (malpractice by certain Government health personnel...."

*Carlson* 446 U.S. at 20, 100 S.Ct. at 1472. (Emphasis added.)

Although the Supreme Court concluded that the plaintiffs in *Carlson* were not limited to an FTCA remedy, but could pursue a *Bivens* action, the *Carlson* plaintiffs were suing federal prison officials, not medical personnel of the Public Health Service. The Supreme Court noted that 28 U.S.C. § 2680(h), the section of the FTCA which authorizes actions against the United States for intentional torts committed by federal law enforcement officers, does not state, expressly or implicitly, that the FTCA is the exclusive remedy for such actions. Thus, the Court concluded that:

> *In the absence of a contrary expression from Congress,* § 2680(h) thus contemplates that victims of the kind of intentional wrongdoing alleged in this complaint shall have an action under FTCA against the United States as well as a *Bivens* action against the individual officials alleged to have infringed their constitutional rights.

*Carlson* at 21, 100 S.Ct. at 1472. (Emphasis added.)

In contrast, plaintiff in the present action is suing a medical officer of the Public Health Service, for injuries resulting from the performance of medical functions within the scope of the officer's employment. By express declaration, Congress has made the FTCA the plaintiff's sole remedy for the wrongdoing alleged. By virtue of the provisions of 42 U.S.C. § 233(a), plaintiff's claim for damages resulting from the conduct of a commissioned officer such as Dr. Sauvey, must be an action against the United States pursuant to the FTCA and such action against the United States may only be maintained after compliance with the procedural requirements of § 2675(a) of the FTCA. Accordingly, plaintiff may not maintain a *Bivens* action against Dr. Sauvey. Defendants' Motion to Dismiss plaintiff's claims against Dr. Sauvey for failure to state a claim upon which relief can be granted (pursuant to Fed.R.Civ.P. 12(b)(6)), must be granted.

Now therefore, for the reasons indicated,

IT IS ORDERED that defendants' Motion to Dismiss defendant Sauvey is GRANTED and

IT IS FURTHER ORDERED that defendants' Motion for Summary Judgment as to plaintiffs' claims against defendant Baldwin is GRANTED and the instant action is DISMISSED.