902 F.2d 1568
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Tedric Leighton BEVERLY, Plaintiff-Appellant,
v.
John GLUCH; Mr. Garbow; Mary Sauvey, Dr.; Mr. Church;
Mr. McKutchen; Carlos Doe; Mark Doe; George
Doe; Kay Barath; Marshawn Doe,
Defendants-Appellees.
 No. 89-1915.
 United States Court of Appeals, Sixth Circuit.
 May 23, 1990.
 
 1
 Before WELLFORD and BOGGS, Circuit Judges, and DAVID D. DOWD, Jr., District Judge.*
 
 ORDER
 
 2
 Tedric Leighton Beverly is a pro se federal prisoner who appeals the district court's order granting the appellees' motion for summary judgment in a civil rights case that Beverly had filed under 28 U.S.C. Sec. 1331. Cf. Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics, 403 U.S. 388 (1971). Beverly's case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination of the record and the briefs, the panel unanimously agrees that oral argument is not needed in this case. Fed.R.App.P. 34(a).
 
 
 3
 Beverly alleged that the appellees had violated his constitutional rights by their deliberate indifference to his serious medical needs. He also filed a motion for an injunction that would prevent his transfer to another institution during the pendency of his lawsuit. The appellees did not file an answer to the complaint, even though they were granted several extensions of time in which to do so. Instead, they moved for summary judgment and for a protective order that would stay all discovery until the court ruled on their qualified immunity defense.
 
 
 4
 A magistrate granted the appellees' motion for a protective order and denied Beverly's motion for further discovery. The magistrate also recommended that Beverly's motion for an injunction be denied and that the appellees' motion for summary judgment be granted. The district court adopted the magistrate's recommendations in full. On July 11, 1989, the court entered an order that denied Beverly's motion for an injunction and, on July 21, 1989, the court entered summary judgment in favor of the appellees. Beverly now appeals both the order and the judgment. His brief on appeal contains a request for counsel.
 
 
 5
 The denial of a request for an injunction is within the sound discretion of the district court. Cf. USACO Coal Co. v. Carbomin Energy, Inc., 689 F.2d 94, 98 (6th Cir.1982). The court did not abuse its discretion here because Beverly does not have a constitutionally protected right that would be compromised by his transfer and because prison officials should have some deference in deciding the most appropriate placement for their charges. Cf. Olim v. Wakinekona, 461 U.S. 238, 245 (1983); Meachum v. Fano, 427 U.S. 215, 225-28 (1976).
 
 
 6
 The court was also correct in granting summary judgment to Dr. Mary Sauvey, pursuant to 42 U.S.C. Sec. 233(a). Section 233(a) states that the Federal Torts Claims Act ("FCTA"), 28 U.S.C. Sec. 2672, will ordinarily provide the exclusive remedy in a civil suit that is brought against a Public Health Service Officer if the civil suit involves subject matter that is covered by the FTCA. Beverly's allegations could be the subject matter of a medical malpractice suit under the FTCA. Cf. Serra v. Pichardo, 786 F.2d 237, 239-40 (6th Cir.), cert. denied, 479 U.S. 826 (1986). Moreover, Dr. Sauvey's declaration clearly shows that she is an officer in the Public Health Service. As such, she was properly dismissed from this suit because the availability of a remedy under the FTCA precludes Beverly from seeking a remedy for her alleged actions by any other means. Cf. Serra, 786 F.2d at 239-40.
 
 
 7
 The district court granted summary judgment to the other appellees because it found that Beverly's eighth amendment claim failed on its merits. While the present state of the record supports this finding, the entry of summary judgment was premature because Beverly had been precluded from taking any discovery that would have allowed him to make an effective response to the appellees' motion. See Tarleton v. Meharry Medical College, 717 F.2d 1523, 1533-35 (6th Cir.1983). The evidence that was submitted by Beverly provides only implicit support for his claim that the appellees were indifferent to his needs. Standing alone, it is not sufficient to defeat their motion for summary judgment. Cf. Estelle v. Gamble, 429 U.S. 97, 105-06 (1976). A "plaintiff must present affirmative evidence in order to defeat a properly supported motion for summary judgment. This is true even where the evidence is likely to be within the possession of the defendant, as long as the plaintiff has had a full opportunity to conduct discovery." Street v. J.C. Bradford & Co., 886 F.2d 1472, 1477 (6th Cir.1989) (quoting Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 252 (1986)). However, Beverly did not have a full opportunity to conduct discovery. He could not rely on any admissions that the appellees may have made in their answer because the appellees did not file an answer. In addition, the protective order allowed the appellees to avoid the responsibility that they would otherwise have had to respond to the interrogatories and motion to produce documents that Beverly had filed.
 
 
 8
 The protective order was entered on the appellees' suggestion that they were entitled to qualified immunity. Cf. Haynes v. Marshall, 887 F.2d 700, 703 (6th Cir.1989). It was clearly within the district court's discretion to suspend discovery until it reached a decision on that issue. See Harlow v. Fitzgerald, 457 U.S. 800, 818 (1982). However, the appellees were not awarded summary judgment on the basis of qualified immunity. Cf. Routman v. Automatic Data Processing, 873 F.2d 970, 971-72 (6th Cir.1989). Instead, the appellees were allowed to submit a motion which included an argument on the merits without any effective opposition. That argument, rather than qualified immunity, became the basis for the appellees' summary judgment. Although it was within the district court's discretion to enter a protective order, the permissible scope of discovery should have been reconsidered after the qualified immunity question was resolved and before the court disposed of the case on its merits. See Tarleton, 717 F.2d at 1535; cf. Routman, 873 F.2d at 972.
 
 
 9
 Accordingly, Beverly's request for counsel is hereby denied; the order which denied Beverly's claim for injunctive relief is affirmed; and the entry of summary judgment is affirmed with regards to Dr. Mary Sauvey but reversed and remanded for further consideration with regards to the other appellees. Rules 9(b)(5) & (6), Rules of the Sixth Circuit. The district court on remand may consider appointment of counsel to represent plaintiff on the remaining issue or issues.
 
 
 
 *
 The Honorable David D. Dowd, Jr., U.S. District Judge for the Northern District of Ohio, sitting by designation