**Juan SEMINARIO NAVARRETE,**
**Plaintiff,**

v.

**J.M. VANYUR, et al., Defendants.**

**No. 4:99CV1003.**

United States District Court,
N.D. Ohio,
Eastern Division.

Aug. 18, 2000.

Alan S. Belkin, Law Offices of Alan S. Belkin, Cleveland, OH, for plaintiff.

Juan Seminario Navarrete, Seattle, WA, pro se.

Marlon A. Primes, Office of U.S. Atty., Cleveland, OH., for defendants.

## MEMORANDUM OPINION AND ORDER

ECONOMUS, District Judge.

This matter is before the Court upon Defendants Dr. Angel Rodriguez–Espada's and Dr. Richard Higham's ("Movants") Motion to Dismiss under Fed.R.Civ.P. 12(b)(6) and Fed.R.Civ.P. 12(b)(1). (Dkt.# 44). Petitioner Juan Seminario Navarette filed the above captioned *pro se* action pursuant to *Bivens v. Six Unknown Named Agents of the Federal Bureau of Narcotics,* 403 U.S. 388, 91 S.Ct. 1999, 29 L.Ed.2d 619 (1971), alleging violations of his constitutional rights under Eighth Amendment to the United States Constitution. (Dkt.# 2). Petitioner asserts that defendants imposed upon him unnecessary and wanton infliction of pain through their deliberate and unnecessary delay in providing dental and medical treatment. (Dkt.# 2, p. 3). Citing the Public Health Service Act, 42 U.S.C. § 233, Movants now argue that because they are Public Health Officers, they are immune from suit for acts committed within the scope of their employment, and so the action against them must be dismissed.

■ In *Bivens,* the Supreme Court established a right for victims to recover damages for constitutional violations made by federal officials. 403 U.S. at 390–97, 91 S.Ct. 1999 (1971). However, the high court made two exceptions to this cause of action. *Id.* at 396–97, 91 S.Ct. 1999. The exception pertinent to this case is that a *Bivens* action may not be maintained when "defendants show that Congress has provided an alternative remedy which it explicitly declared to be a substitute for recovery directly under the Constitution and viewed as equally effective." *Carlson v. Green,* 446 U.S. 14, 18–19, 100 S.Ct. 1468, 64 L.Ed.2d 15 (1980) (citing 403 U.S. at 397, 91 S.Ct. 1999; *Davis v. Passman,* 442 U.S. 228, 245–47, 99 S.Ct. 2264, 60 L.Ed.2d 846 (1979)).

■ The Public Health Service Act provides that an action against the United States under the Federal Tort Claims Act ("FTCA") is the exclusive remedy

for personal injury, including death, resulting from the performance of medical, surgical, dental, or related functions, including the conduct of clinical studies or investigation, by any commissioned officer or employee of the Public Health Service while acting within the scope of his office or employment.

42 U.S.C. § 233(a). Thus, Congress has expressly made the FTCA an inmate's sole remedy for injuries received by Public Health Service Officers acting within the scope of their employment. *See Lewis v. Sauvey,* 708 F.Supp. 167, 169 (E.D.Mich. 1989). Two Sixth Circuit panels that have directly addressed this issue did not permit prisoners to pursue a *Bivens* actions against prison doctors for acts or omissions made while performing their official tasks, holding that the FTCA provides "the exclusive remedy in a civil suit that is brought against a Public Health Service Officer if the civil suit involved subject matter that is covered by the FTCA." *Beverly v. Gluch,* No. 89–1915, 1990 WL 67888 *1 (6th Cir.1990); *see also Walls v. Holland,* No. 98–6506, 1999 WL 993765 (6th Cir.1999) (holding that the FTCA offers the exclusive remedy for personal injuries resulting from the performance of medical and related functions by a commissioned Public Health Service Officer acting within the scope of her office).

Both Movants have filed declarations with the Court stating that they are Public Health Service Officials and that they were acting within the scope of their duties as such officers with respect to any treatment they rendered to Petitioner. (Dkt. # 44, exhibits 1 and 2). Further, the facts alleged in the Movants' declarations are evident through the prior filings of both Peti-

tioner and the Defendants in this case. Therefore, Petitioner can not bring a *Bivens* action against Movants, as he must bring his claim against the United States under the FTCA. 708 F.Supp. at 169.

The Court holds that Petitioner can not maintain a *Bivens* action against Dr. Angel Rodriguez–Espada and Dr. Richard Higham. Accordingly, the Motion to Dismiss is **GRANTED** and the instant action against the moving defendants is **DISMISSED.**

**IT IS SO ORDERED.**