The proposed bankruptcy rules were studied by committees of

> experts, then adopted by the Supreme Court, and became effective only after submission to Congress for review.... It cannot be assumed easily that the Supreme Court acted outside the power delegated to it under § 2075, or that Congress allowed rules to become operative which would effect substantive rights.

*Wolff v. Wells Fargo Bank,* 618 F.2d at 78. The application of virtually any procedural rule can result in the denial of a "substantive" right, yet this does not transform the procedural rule into a substantive rule. The bar which Rule 4007(c) imposes against complaints filed after sixty days deals with procedure. Procedure is defined by the Supreme Court in the context of the federal rules of civil procedure as: " 'the judicial process for enforcing rights and duties recognized by substantive law and for justly administering remedy and redress for disregard or infraction of them.' " *Hanna v. Plumer,* 380 U.S. 460, 464, 85 S.Ct. 1136, 1140, 14 L.Ed.2d 8 (1965) (quoting *Sibbach v. Wilson & Co., Inc.,* 312 U.S. 1, 14, 61 S.Ct. 422, 426, 85 L.Ed. 479 (1941)). In denying discretion to the bankruptcy court to enlarge the time within which to file, Rule 9006(b) is analogous to Fed.R.Civ.P. 6(b) and Fed.R.App.P. 26(b), which similarly deny courts discretion to extend a party's time to act. *See* Bankr.R. 9006 Advisory Committee Note.

Of course, a procedural rule could be so harsh as to arbitrarily frustrate a substantive right. Some bankruptcy courts have declined to read rules 4007(c) and 9006(b) literally where the filing over sixty days late was the result of the plaintiff's good faith reliance on the bankruptcy court's erroneous statement or action. *See, e.g., Fallang v. Hickey,* 58 B.R. 106, 108–09 (Bankr.S.D.Ohio 1986); *see also, In re Klein,* 64 B.R. 372, 376–77 (Bankr.E.D.N.Y. 1986); *DeLesk v. Rhodes,* 61 B.R. 626, 629–30 (Bankr. 9th Cir.1986). Although the bankruptcy court did in fact erroneously state the filing deadline, the delay beyond this date until February 5, 1984 is solely the result of counsel's calendaring error.

The bankruptcy rules at issue here have been promulgated by the Supreme Court and reviewed by Congress and are clear on their face. Though their effect may be to work a hardship on creditors in certain cases, they seek to further the prompt resolution of bankruptcies and do not unreasonably frustrate the exercise of the creditor's substantive right to enforce a prior judgment so as to offend 28 U.S.C. § 2075. The rules in the present case were simply not followed.

AFFIRMED.

**Robert AREVALO, Plaintiff-Appellee,**

v.

**Chuck WOODS, Defendant-Appellant.**

No. 85–4320.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Jan. 7, 1987.

Decided Feb. 24, 1987.

Angelo Gomez, Hillsboro, Or., for plaintiff-appellee.

Scott D. Earnshaw, Washington, D.C., for defendant-appellant.

Before GOODWIN and THOMPSON, Circuit Judges, and LYNCH,* District Judge.

* Honorable Eugene F. Lynch, United States District Judge, Northern District of California, sitting by designation.

1. Under *Bivens,* as interpreted in *Carlson v. Green,* 446 U.S. 14, 18–19, 100 S.Ct. 1468, 1471–72, 64 L.Ed.2d 15 (1980) and *Davis v. Passman,* 442 U.S. 228, 245–48, 99 S.Ct. 2264, 2277–

DAVID R. THOMPSON, Circuit Judge:

Robert Arevalo sued the United States under the Federal Tort Claims Act (FTCA), 28 U.S.C. §§ 2671–2680. He also sued Chuck Woods, an Immigration and Naturalization Service (INS) Investigator, under the constitutional tort theory of *Bivens v. Six Unknown Named Agents of the Federal Bureau of Narcotics,* 403 U.S. 388, 91 S.Ct. 1999, 29 L.Ed.2d 619 (1971).[1] Both claims arose out of the same detention and treatment of Arevalo by Investigator Woods. After a bench trial, the district court entered judgment against both the government and Woods. Arevalo was awarded $1000 compensatory damages against the government on his FTCA claim, and $1000 compensatory damages plus $500 punitive damages against Woods on his *Bivens* claim. Woods appeals. The government does not. We hold that Arevalo's *Bivens* claim against Woods is barred by the FTCA judgment which was entered against the government, and we reverse the judgment against Woods.

## FACTS

On April 20, 1983, Woods was in Madras, Oregon to intercept a van believed to be transporting illegal aliens from Mexico. As he drove through Madras, Woods noticed a car driven by Arevalo turn into a cafe parking lot. A passenger was in the car. The passenger and Arevalo appeared to be of Mexican descent. Woods approached the passenger side of the Arevalo car and asked the passenger a question in English. When the passenger did not respond, Woods asked him in Spanish where he was born. He answered "Mexico," and said he was in the United States illegally. At this point in the confrontation, Arevalo asked Woods, in English, what was happening. Arevalo is an American citizen by birth. He speaks English fluently and

79, 60 L.Ed.2d 846 (1979), a victim of a constitutional violation by a federal agent is entitled to recover money damages from the agent when there is neither a special factor counseling hesitation nor an equally effective alternative remedy.

without an accent. Woods was not in uniform and did not identify himself to Arevalo. Woods demanded that Arevalo show him some identification. Arevalo, who was driving with a suspended driver's license, refused. Woods told Arevalo his companion was going to be sent to Mexico and threatened Arevalo with the same unless he produced some identification. Arevalo maintained he was not required to identify himself to Woods and challenged Woods to send him to Mexico.

Without asking Arevalo about his citizenship, Woods frisked Arevalo and his companion, handcuffed them together, and put them in the back of the INS van. Woods then drove the van approximately two miles to where his fellow officer, Fisher, was waiting. During the trip, Arevalo shouted that he was an American citizen and demanded to know where he was being taken. When the van arrived where Fisher was waiting, Woods got into the back of the van with Arevalo. He seized Arevalo by the hair and swore at him. He grabbed Arevalo's shirt and threatened to slam his teeth down his throat. When Woods took Arevalo out of the van, Fisher asked him where he was born. Arevalo answered, "Texas." He was then released and driven by Fisher back to the cafe.

In his *Bivens* claim against Woods, Arevalo contends that Woods' detention and treatment of him violated his constitutional rights. He also contends this same conduct caused the government to be liable to him under the FTCA.[2] The district court found the government liable for having committed, through Woods, the torts of false imprisonment, battery, and outrageous conduct. In addition, Woods was found personally liable under *Bivens* for having violated Arevalo's fourth amendment right to be free from unreasonable search and seizure.

## ISSUE

The issue presented is whether a judgment entered against the government under the FTCA precludes a judgment against a government employee on a *Bivens* claim when the employee's conduct which resulted in the judgment against the government is the same conduct which forms the basis for the *Bivens* claim.

## ANALYSIS

We begin our analysis by considering 28 U.S.C. § 2676, which provides:

The judgment in an action under section 1346(b) of this title shall constitute a complete bar to any action by the claimant, by reason of the same subject matter, against the employee of the government whose act or omission gave rise to the claim.

Woods contends that under this section, when a claimant obtains a judgment against the government under the FTCA, he is barred from proceeding further against the government employee whose tort resulted in the FTCA liability. Arevalo, on the other hand, contends that only a judgment obtained against the government "by reason of the same subject matter" bars recovery against a government employee; that "the same subject matter" means "the same claim"; and since the claim against the United States is based on the torts of false imprisonment, battery, and outrageous conduct under the FTCA, whereas the claim against the employee Woods is based on a constitutional tort under *Bivens*, two separate interests are infringed by the same conduct. Therefore, he argues, he has separate claims against the government and Woods and he is entitled to recover damages under each separate claim against each defendant.

---

**2.** In 1974 Congress amended § 2680(h) of the FTCA to create a cause of action against the United States for certain intentional torts committed by federal investigative and law enforcement officers. Under this section, victims of the kind of intentional wrongdoing alleged by Arevalo have an action against the United States under the FTCA as well as a *Bivens* action against the individual federal investigative or law enforcement officers alleged to have infringed constitutional rights. *Carlson v. Green,* 446 U.S. 14, 19–20, 100 S.Ct. 1468, 1471–72, 64 L.Ed.2d 15 (1980).

This same argument was made to the Sixth Circuit in *Serra v. Pichardo,* 786 F.2d 237 (6th Cir.), *cert. denied,* — U.S. ——, 107 S.Ct. 103, 93 L.Ed.2d 53 (1986). There the claimant, a former federal prisoner, sued the United States for negligence under the FTCA, and a doctor (and a prison warden who was later dismissed from the case) alleging *Bivens* claims based upon deliberate indifference to medical needs in violation of the eighth amendment. The court stated:

> In the instant case, an examination of the substance of the *Bivens* claims reveals that they arise from the same actions toward plaintiff by defendants as those that defined the FTCA case. The *Bivens* claims and the FTCA claim focus on the acts and omissions of the doctor and the warden with respect to the treatment of plaintiff on June 2 and 3, 1983. The only difference between the claims is that the *Bivens* claims involve an examination of the intent of the defendants. Furthermore, each of the claims centers upon the same injury to plaintiff's leg.

*Id.* at 241.

The claimant in *Serra* obtained a judgment for $625,000 in compensatory damages against the United States on his negligence claim and $15,000 in punitive damages against the doctor on his *Bivens* claim. The district court entered both judgments. On appeal, the Sixth Circuit stated the issue was "whether a plaintiff's actions against individual defendants on *Bivens* claims are barred after he obtains a judgment against the government on a FTCA claim, when each claim arises out of the same acts and events." *Id.* at 239. It rejected the plaintiff's argument "that section 2676 only bars him from bringing an action against defendants on the *same* claim that he successfully asserted against the government," (emphasis in original) *id.,* and held that since the judgment against the United States was based upon the same actions, transactions or occurrences which gave rise to the *Bivens* claims against the doctor and warden, the *Bivens* claims were barred by entry of the FTCA judgment against the government. *Id.* at 239, 242.

While we find this decision by the Sixth Circuit persuasive, Arevalo suggests we decline to follow it. He tells us *Serra* was wrongly decided and that *Carlson v. Green,* 446 U.S. 14, 100 S.Ct. 1468, 64 L.Ed.2d 15 (1980), compels us to reach a contrary result.

In *Carlson,* the administratrix of her deceased son's estate brought suit under *Bivens* against federal prison officials alleging they violated the decedent's due process, equal protection and eighth amendment rights. No claim was made under the FTCA. The court held that the plaintiff could maintain the *Bivens* action, notwithstanding that the facts alleged also would have supported a claim under the FTCA.

Unlike *Carlson,* in the case now before us the plaintiff Arevalo sued both the United States under the FTCA and the individual federal officer under *Bivens.* He obtained judgments against both. Both judgments were based on INS Investigator Woods' detention and treatment of Arevalo. The judgment against the government entered under the FTCA was based upon the same conduct which gave rise to the *Bivens* claim against Woods. Under these circumstances, the mandate of section 2676 is clear. The judgment against the United States bars Arevalo's *Bivens* action against Woods. 28 U.S.C. § 2676; *Serra,* 786 F.2d 237.

We recognize that because the judgment against Woods is greater than the judgment against the government, Arevalo might prefer to have the judgment against Woods rather than the judgment against the government. But it is too late for that choice. The moment judgment was entered against the government, then by virtue of section 2676, Woods was no longer answerable to Arevalo for damages. *Serra,* 786 F.2d at 141. *Gilman v. United States,* 206 F.2d 846, 848 (9th Cir.1953), *aff'd,* 347 U.S. 507, 74 S.Ct. 695, 98 L.Ed. 898 (1984). *See Aetna Casualty and Surety Company v. United States,* 570 F.2d 1197, 1201 (4th Cir.), *cert. denied,* 439 U.S. 821, 99 S.Ct. 87, 58 L.Ed.2d 113 (1978).

## CONCLUSION

The judgment against Woods is reversed. The case is remanded to the district court with instructions to enter judgment in favor of Woods.

REVERSED AND REMANDED.