873 F.2d 814
 Felipa Monreal RODRIGUEZ, et al., Plaintiffs-Appellees
Cross-Appellants,
v.
Robert HANDY and David Wharton, Individually, and as
Officers with the Immigration and Naturalization
Service, Defendants-Appellants Cross-Appellees,
and
The United States of America, Defendant-Cross-Appellee Amicus Curiae.
 No. 87-2854.
 United States Court of Appeals,
Fifth Circuit.
 May 26, 1989.
 
 Joe Goldberg, A.F.G.E., AFL-CIO, Charles C. Hobbie, Mark D. Roth, Washington, D.C., for defendants-appellants cross-appellees.
 Peter R. Maier, Atty., Appellate Staff, Civ. Div., Dept. of Justice, Barbara L. Herwig, Washington, D.C., for amicus and cross-appellee U.S.A.
 Roger Reed, David Casso, McAllen, Tex., for plaintiffs-appellees cross-appellants.
 Appeals from the United States District Court for the Southern District of Texas.
 Before WISDOM, GEE and RUBIN, Circuit Judges.
 GEE, Circuit Judge:
 
 
 1
 The litigation of which this appeal is a part arose from a high-speed chase in which an agent of the United States Border Patrol shot out the tires of a fleeing pickup truck in far South Texas, causing death or injury to twelve illegal immigrants who were, unknown to him, concealed in it. In a bench trial, judgment was for the injured and the beneficiaries of the dead--against the United States under the Federal Torts Claims Act, 28 U.S.C. Sec. 2671 et seq., and against the agent and his partner under Texas common law. In addition, the court awarded unspecified attorney's fees against both agents pursuant to 42 U.S.C. Sec. 1988 and punitive damages against the one who fired. Following an unsuccessful attempt to appeal this incomplete order, 802 F.2d 817 (5th Cir.1986), the Court fixed the fee amount at $55,152 and the costs at $4,462.82. Each defendant agent appeals the damages award against him; the agents appeal the fee and costs award; and the plaintiffs seek an award of fees under 28 U.S.C. Sec. 2412(b), the Equal Access to Justice Act (EAJA) and attorney's fees incurred as a result of the prior appeal. We reverse all awards of any kind against the agents and remand to the district court to determine the liability of the United States for attorney's fees under 42 U.S.C. Sec. 1988.
 
 The Awards against the Border Patrolmen
 
 2
 28 U.S.C. Sec. 2676 provides that a judgment against the United States under the FTCA: "... shall constitute a complete bar to any action by the claimant, by reason of the same subject matter, against the employee of the government whose act or omission gave rise to the claim."[1] These are broad and sweeping phrases, and we align ourselves with the holdings of our sister circuits which have spoken to their effect and meaning. In Serra v. Pichardo, 786 F.2d 237 (6th Cir., cert. denied, 479 U.S. 826, 107 S.Ct. 103, 93 L.Ed.2d 53 (1986)), a former federal prisoner sued the United States and two of its employees, asserting negligence and callous indifference to his medical needs. The district court had held the United States liable for compensatory damages and one of its employees--a physician--liable under Bivens[2] for punitive ones; on appeal the Circuit Court held that under the FTCA Serra's judgment against the United States barred his Bivens action. In the course of doing so, moreover, the court commented on the "broad language" of the enactment, determined that the qualifying clause "by reason of the same subject matter" is a reference to its factual provenance and not the character of the claim, and rejected a construction of Carlson v. Green, 446 U.S. 14, 100 S.Ct. 1468, 64 L.Ed.2d 15 (1980) as permitting recovery against both the United States and its employees for claims arising from the same incident.
 
 
 3
 To like effect is Arevalo v. Woods, 811 F.2d 487 (9th Cir.1987). There the Court held that, by the clear language of Sec. 2676, the price of obtaining an FTCA judgment against the United States based on a given incident is the loss of all claims arising from that incident against the United States' agents: "The moment judgment was entered against the government, then by virtue of section 2676, Woods was no longer answerable to Arevalo for damages." 811 F.2d at 490. We neither need nor can add to the force of the reasoning and language of Serra and Arevalo; they are transparently correct.
 
 
 4
 As for the awards of costs and attorney's fees against the agents, these must fall with the damages awards against them. We have determined that the plaintiffs have lost any claim against them in the course of obtaining a judgment against the United States grounded on their actions. Having no claim against the agents, a fortiori plaintiffs cannot be "prevailing parties" against them as is required by Sec. 1988 for such awards. They must be set aside.
 
 Fees Against the United States
 
 5
 The plaintiffs contend that, under the EAJA, the United States should be liable for the plaintiffs' attorney's fees. This Act provides, in pertinent part:
 
 
 6
 ... A court may award reasonable fees and expenses of attorneys ..., to the prevailing party in any civil action brought ... against the United States or any agency or any official of the United States acting in his ... official capacity.... The United States shall be liable for such fees and expenses to the same extent that any other party would be liable ... under the terms of any statute which specifically provides for such an award." (emphasis added)
 
 
 7
 28 U.S.C. Sec. 2412(b).
 
 
 8
 The plaintiffs argue that 42 U.S.C. Sec. 1988 provides the statutory authority for an award of attorney's fees in this case. Section 1988 permits an award of attorney's fees to a prevailing party, other than the United States, in actions to enforce any provision of 42 U.S.C. Sec. 1983. Under this section attorney's fees may be awarded even if a plaintiff's 1983 action fails, provided that 1) the Sec. 1983 claim was substantial; and 2) the successful pendant claims arose out of a "common nucleus of operative facts." Williams v. Thomas, 692 F.2d 1032, 1036 (5th Cir.1982), cert. denied sub nom, Dallas County, Texas v. Williams, 462 U.S. 1133, 103 S.Ct. 3115, 77 L.Ed.2d 1369 (1983). Under this statute the plaintiffs would, therefore, have been entitled to attorney's fees against the individual defendants if their common law claim had not been barred by Sec. 2676.[3] Therefore, according to the plaintiffs, because some "other party", i.e., the individual defendants, would have been liable for attorney's fees, the United States is liable for those fees under 42 U.S.C. Sec. 2412(b).
 
 
 9
 This interpretation of Sec. 2412(b) misconstrues the meaning of the term "other party" in that statute. Section 2412(b) was not intended to make the United States liable for attorney's fees in any action in which a codefendant is found liable for attorney's fees. Rather, the purpose of Sec. 2412(b) was to waive the United States Government's immunity from attorney's fees in those situations in which a party other than the United States would be liable for such fees. Therefore, the issue is not whether the individual defendants in this action would be liable for such fees. The issue is whether an employer other than the United States, would be liable for such fees.
 
 
 10
 Section 1983 liability with its concurrent Sec. 1988 attorney's fees liability cannot be predicated on a theory of respondeat superior. See Monell v. New York Department of Social Services, 436 U.S. 658, 98 S.Ct. 2018, 56 L.Ed.2d 611 (1978) and Brewer v. Blackwell, 692 F.2d 387 (5th Cir.1982). Therefore, the mere fact that the individual defendants may have violated Sec. 1983 is insufficient to impose Sec. 1983 liability upon the United States. When, however, the United States Government itself, acting under color of state law, violates the federal rights of individuals it may be liable under both Sec. 1983 and Sec. 1988. See Knights of the Ku Klux Klan v. East Baton Rouge Parish, 735 F.2d 895 (5th Cir.1984). In this case the district court did not address the issue of the Government's liability under Sec. 1983. We therefore remand this case to the district court for consideration of that issue and the concurrent issue of the Government's liability for attorney's fees.
 
 Attorney's Fees for the Prior Appeal
 
 11
 In order to recover attorney's fees, one must be a "prevailing party." Hensley v. Eckerhart, 461 U.S. 424, 433, 103 S.Ct. 1933, 1939, 76 L.Ed.2d 40 (1983). This refers to prevailing at the time of final judgment, not to winning a single round. If the district court should determine that the plaintiffs are entitled to attorney's fees, it shall also determine whether the plaintiff should recover for the fees occasioned by the prior appeal. In that connection, the district court may consider the relationship of the services rendered on appeal to the final result and the fact that we dismissed the prior appeal for lack of jurisdiction.
 
 
 12
 REVERSED in part and REMANDED to the district court to determine the Government's liability under Sec. 1988.
 
 
 
 [1]
 The plaintiffs contend that Sec. 2676 is an affirmative defense which the individual defendants waived by failing to affirmatively plead it. The flaw in this argument is that Sec. 2676 is applicable only after a plaintiff obtains a judgment against the United States. In this case the judgment against the United States was entered at the same time as the judgment against the individual. Therefore, the individual defendants could not have plead Sec. 2676 as an affirmative defense
 
 
 [2]
 Bivens v. Six Unknown Named Agents of the Federal Bureau of Narcotics, 403 U.S. 388, 91 S.Ct. 1999, 29 L.Ed.2d 619 (1971)
 
 
 [3]
 Had the federal agents been acting under color of federal law, they could not be liable under Sec. 1983 or Sec. 1988. See Premachandra v. Mitts, 753 F.2d 635 (8th Cir.1985) (En Banc) and Unification Church v. I.N.S., 762 F.2d 1077 (D.C.Cir.1985). In this case, however, the federal officials were acting under color of state law and could be found liable under Sec. 1983