139 F.3d 901
 NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
Raymond L. CLIFTON, Plaintiff-Appellant,
v.
Darrell L. MILLER, United States of America, et al.,
Defendants-Appellees.
 No. 97-2342.
 United States Court of Appeals, Seventh Circuit.
 Submitted Feb. 9, 1998*.
Decided Feb. 19, 1998.
 
 Appeal from the United States District Court for the Southern District of Illinois. No. 89 C 3075 William D. Stiehl, Judge.
 Before Hon. WILLIAM J. BAUER, Hon. JOHN L. COFFEY, Hon. DANIEL A. MANION, Circuit Judges.
 
 ORDER
 
 1
 Raymond L. Clifton, an inmate at the United States Penitentiary in Florence, Colorado (USP-Florence), prevailed in a civil action against the United States under the Federal Tort Claims Act ("FTCA"), 28 U.S.C. §§ 1346(b), 2671-80, for the torts of assault and battery, and against federal correctional officers under Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics, 403 U.S. 388, 91 S.Ct. 1999, 29 L.Ed.2d 619 (1971), for using excessive force in violation of his Eighth Amendment right to be free from cruel and unusual punishment. Following trial, the district court barred the Bivens judgment against the individual defendants pursuant to § 2676 of the FTCA, which provides that a judgment in an FTCA action is a complete bar to any judgment against a government employee for injuries arising from the same acts. 28 U.S.C. § 2676. Clifton appeals the denial of his recovery of dual judgments from the individual officers and the United States, various pretrial rulings, and the denial of additur of his damages, injunctive and declaratory relief, and mandamus. We affirm.
 
 FACTS
 
 2
 The incident giving rise to this suit occurred while Clifton was incarcerated in the United States Penitentiary in Marion, Illinois ("USP-Marion"). On May 13, 1988, two correctional officers escorted Clifton to the visiting room holding area in preparation for a clergy visit. Clifton was strip searched, and then correctional officer Darrell Miller brought Clifton a jumpsuit to wear, but it was too small. Clifton was given another jumpsuit, but it was too large. Clifton requested a third jumpsuit, at which point Clifton and Miller became embroiled in a verbal dispute that quickly escalated into a physical altercation with Miller and other correctional officers beating Clifton about the head, chest, ribs, stomach, and back. According to Clifton's medical report, he sustained a laceration on his right check and multiple "scratches." Based on this incident, Clifton filed suit against the defendants[1] for assault and battery and for violating his rights under the First, Fourth, Fifth, Sixth, and Eighth Amendments. Clifton sought money damages, as well as declaratory and injunctive relief.
 
 
 3
 Both the district judge and the magistrate judge made rulings on various pre-trial motions. By the time of trial, only six correctional officers, the United States, and the United States Bureau of Prisons ("Bureau") remained as defendants in the case; the others had been dismissed or summary judgment had been granted in their favor.
 
 
 4
 A jury found in Clifton's favor on the Bivens action with respect to four correctional officers,[2] and awarded him $2,000 in damages. Clifton's FTCA claim against the United States was decided by the district court because such claims may not be tried to a jury. 28 U.S.C. § 2402. The district court found in Clifton's favor, and awarded him $2,000 in damages against the United States. The district court dismissed as moot Clifton's claim for injunctive and declaratory relief.
 
 
 5
 Following trial, Clifton filed motions for a new trial, additur of his damages, changes to the district court's findings of fact with respect to his FTCA claim, mandamus, and extraordinary relief, all of which were denied. However, the district court granted defendants' motion to bar the judgment against the individual defendants pursuant to § 2676 of the FTCA.[3] 28 U.S.C. § 2676.
 
 ANALYSIS
 
 6
 On appeal, Clifton contends that the district court erred in denying him recovery from both the individual officers and the United States. Determining whether § 2676 bars recovery in both an FTCA and a Bivens action is a question of statutory interpretation; therefore, we review the district court's decision de novo. See Sullivan v. Freeman, 21 F.3d 198, 201 (7th Cir.1994). Section 2676 provides that a judgment in an FTCA action "shall constitute a complete bar to any action by the claimant, by reason of the same subject matter, against the employee of the government whose act or omission gave rise to the claim." 28 U.S.C. § 2676 (emphasis added). The issue in this case is whether a judgment entered against the government under the FTCA bars a judgment against a government employee on a Bivens claim when the underlying conduct that gave rise to both actions is the same.
 
 
 7
 Other circuits have held that a "complete" bar to "any" action by the claimant means that a judgment against the United States in an FTCA action precludes recovery of a judgment against individual defendants in a Bivens action for the same acts or omissions. See Arevalo v. Woods, 811 F.2d 487, 490 (9th Cir.1987) ("The moment judgment was entered against the government, then by virtue of 2676, [the federal agent] was no longer answerable to [the plaintiff] for damages."); Rodriguez v. Handy, 873 F.2d 814, 816 (5th Cir.1989). We agree with this interpretation of § 2676. Because § 2676 operates as a "complete" bar to "any" action, "it is inconsequential that the [Bivens and FTCA] claims were tried together in the same suit and that the judgments were entered simultaneously." Serra v.. Pichardo, 786 F.2d 237, 241 (6th Cir.1986). "[A] plaintiff may maintain both a[n] FTCA and a Bivens action, [but] he may not receive double recovery." Ting v. United States, 927 F.2d 1504, 1513 n. 10 (9th Cir.1991). See also Hoosier Bancorp of Indiana, Inc. v. Rasmussen, 90 F.3d 180, 185 (7th Cir.1996) (focusing on preclusive effect of a judgment in an FTCA action that precedes Bivens action; " 'any FTCA judgment, regardless of its outcome, bars a subsequent Bivens action on the same conduct that was at issue in the prior judgment." '). Thus, the district court properly vacated Clifton's Bivens judgment.
 
 
 8
 Clifton also contends that the magistrate judge erred in denying his motion for entry of default judgment against defendants James Restivo and the Bureau for their delay in answering his complaint. Clifton argues that he was prejudiced by the delay because his only eyewitness died in February 1991, months before Restivo or the Bureau answered his complaint (in June and July 1991, respectively).
 
 
 9
 The magistrate judge did not abuse his discretion in extending the time for these defendants to answer Clifton's complaint because Clifton was not prejudiced by the delay. See Isby v. Clark, 100 F.3d 502, 504 (7th Cir.1996). Restivo was not even served with the complaint until February 11, 1991, and he was later dismissed from the case for failure to state a claim. The Bureau was dismissed as to Clifton's claim for money damages because a federal agency cannot be sued for money damages absent waiver of its sovereign immunity. Where, as here, "a suit is 'cognizable' under section 1346(b) of the FTCA, the FTCA remedy is 'exclusive' and the federal agency cannot be sued 'in its own name'...." Federal Deposit Ins. Corp. v. Meyer, 510 U.S. 471, 476, 114 S.Ct. 996, 127 L.Ed.2d 308 (1994). Because Clifton's claims against Restivo and the Bureau were dismissed, he was not prejudiced by their delay in answering his complaint.
 
 
 10
 Clifton also asserts that he was prejudiced by the denial of certain discovery requests, namely, that he was denied access to Bureau identification cards so that he could identify the seven unknown correctional officers named as defendants; that he was denied access to Bureau policy statements relevant to defendant Restivo's duties; and that he was denied the opportunity to photograph the areas where Clifton was beaten and the clothing available to him. The magistrate judge did not abuse its discretion in denying Clifton's discovery requests.
 
 
 11
 The district court held that Clifton failed to state a claim against Restivo because Clifton's allegations of Restivo's personal involvement were insufficient. Clifton's knowing the Bureau policy statements relevant to Restivo's duties would not have prevented Restivo's dismissal from the suit. The seven unknown correctional officers were dismissed because Clifton did not amend his complaint to identify any of the unknown defendants, even though Clifton had an opportunity to discover their identities through prison administrative proceedings and discovery. The district court concluded that the record contained no evidence that defendants refused to provide Clifton with the names of the unknown defendants. The defendants were not obliged to provide Clifton with the photographic badges of all of the correctional officers at USP-Marion; they were only obliged to provide Clifton with the names of the unknown defendants, and Clifton does not allege that the defendants failed to do so.
 
 
 12
 With respect to the photographs, Clifton asked the court to order the "prison photographer" to escort him around the prison and take photographs on his behalf. The magistrate judge denied this request for lack of legal authority. Clifton has failed to show that the district court or the magistrate judge abused their discretion in denying this request.
 
 
 13
 Clifton also argues that the district court erred in granting summary judgment to defendants Baxter, Restivo, Greenfield, Coogan, Seely, Henman, and seven unknown correctional officers, because his complaint alleged that a "genuine issue of material fact existed as to guards [sic] good faith after taking inmates [sic] around corner and beating him; verbal confrontation alone does not justify response." However, all but two of these defendants (Gary Henman and Timothy Coogan) were dismissed from this case. Therefore, we address this claim only to the extent that it applies to Henman and Coogan.
 
 
 14
 Although a verified complaint can serve as an affidavit, see Ford v. Wilson, 90 F.3d 245, 247 (7th Cir.1996), Clifton's complaint does not raise a genuine issue of material fact with respect to whether Henman or Coogan violated Clifton's Eighth Amendment rights. Neither Henman nor Coogan is alleged to have participated in Clifton's beating, which is the issue upon which Clifton claims there is a genuine issue of material fact.[4] Clifton's claim that there is a genuine issue of material fact as to whether the guards acted in good faith when they beat him does not defeat Henman's or Coogan's motion for summary judgment.
 
 
 15
 Clifton also argues that the district court erred in sanctioning him $25 for vexatious litigation and in denying his requests for additur of his damages, injunctive and declaratory relief, and extraordinary relief and mandamus. All of these claims are meritless. We do not have the power to grant a request for additur. See Maier v. Lucent Technologies, Inc., 120 F.3d 730, 737 (7th Cir.1997); Gasperini v. Center for Humanities, Inc., 518 U.S. 415, 116 S.Ct. 2211, 2222, 135 L.Ed.2d 659 (1996); Dimick v. Schiedt, 293 U.S. 474, 486-87, 55 S.Ct. 296, 79 L.Ed. 603 (1935).
 
 
 16
 As for Clifton's claim that the court erred in denying his request for injunctive and declaratory relief, "[i]f a prisoner is transferred to another prison, his request for injunctive relief against officials of the first prison is moot unless 'he can demonstrate that he is likely to be retransferred." ' Higgason v. Farley, 83 F.3d 807, 811 (7th Cir.1996) (citation omitted). Clifton was transferred to USP-Florence before trial. Because there is no indication that Clifton will be returned to USP-Marion in the future, his claim for injunctive and declaratory relief is moot. See id.; Stewart v. McGinnis, 5 F.3d 1031, 1037-38 (7th Cir.1993). To the extent that Clifton contends that he was transferred for retaliatory reasons, his conclusory allegations are insufficient to state a claim on appeal. See Bratton v. Roadway Package Sys., Inc., 77 F.3d 168, 173 n. 1 (7th Cir.1996) (argument that is not developed in any meaningful way is waived).
 
 
 17
 Clifton also argues that the district court erred in denying his request for mandamus and extraordinary relief because the defendants falsified disciplinary charges against him. Clifton, however, cannot challenge his disciplinary convictions in a Bivens action for money damages. Heck v. Humphrey, 512 U.S. 477, 114 S.Ct. 2364, 129 L.Ed.2d 383 (1994), holds that a prisoner's claim is not cognizable under 42 U.S.C. § 1983 when "a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence ... unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated." Heck, 512 U.S. at 487. This rule applies to judgments in prison disciplinary proceedings. See Edwards v. Balisok, 520 U.S. 641, ----, 117 S.Ct. 1584, 1589, 137 L.Ed.2d 906 (1997); Lusz v. Scott, 126 F.3d 1018, 1021 (7th Cir.1997); Stone-Bey v. Barnes, 120 F.3d 718, 721-22 (7th Cir.1997). Because awarding Clifton damages for false disciplinary charges would clearly imply the invalidity of his disciplinary convictions, Clifton's claims for mandamus and extraordinary relief are not cognizable based on Heck and Edwards.
 
 
 18
 Clifton further argues that the magistrate judge's fining him $25 for vexatious litigation was unfair because defendants' delays in answering his complaint, failure to respond to his discovery requests, and evasion of service of process caused him to file the motions for which he was sanctioned. Given the abundance of frivolous motions filed by Clifton--ranging from discovery motions to motions for sanctions and mandamus--sanctioning Clifton $25 was not an abuse of discretion. See Vukandinovich v. McCarthy, 901 F .2d 1438, 1445 (7th Cir.1990) (status as a pro se litigant alone does not render the district court's sanction an abuse of discretion).
 
 
 19
 Finally, Clifton contends that defendants deprived him of a fair trial by refusing to mail legal documents to his attorney, denying him telephone calls to his attorney, and seizing his documentary and rebuttal evidence in an attempt to undermine his claim for damages and ensure a verdict for defendants. Clifton has waived this claim by failing to support it with more than conclusory allegations. See Bratton, 77 F.3d at 173 n. 1.
 
 
 20
 For the foregoing reasons, none of Clifton's claims warrants reversal of the district court's judgment. Accordingly, we AFFIRM the judgment of the district court.
 
 
 
 *
 After an examination of the briefs and the record, we have concluded that oral argument is unnecessary in this case; accordingly, the appeal is submitted on the briefs and the record. See Fed. R.App. P. 34(a); Cir. R. 34(f)
 
 
 [1]
 Clifton named the following USP-Marion officials as defendants: Darrell L. Miller, William Seely, Gary L. Henman, M. Laird, D. Moulton, M. Norris, A.S. Chamness, K. Mills, Lt. J. Restivo, Lt. R. Baxter, Lt. Greenfield, T.M. Coogan, and seven unknown correctional officers. Clifton also named the United States and the United States Bureau of Prisons as defendants
 
 
 [2]
 Judgment was entered against Darrell Miller, Mickal Laird, Dennis Moulton, and Kevin Mills, and in favor of Anthony Chamness and Mark Norris
 
 
 [3]
 The district court found that "where a judgment has been rendered on an FTCA claim, § 2676 bars any subsequent judgments on Bivens type claims." (emphasis added). In this case, however, judgment on the Bivens and FTCA claims was entered contemporaneously
 
 
 [4]
 Clifton contends that Henman was the warden of USP-Marion at the time of the incident giving rise to this suit. In his complaint, he alleges that he told the Warden he had been beaten and that the Warden said there would be an investigation. The district court entered summary judgment in favor of Henman following his motion for summary judgment, and Clifton's failure to respond to the motion with admissible evidence. See Winskunas v. Birnbaum, 23 F.3d 1264, 1267-68 (7th Cir.1994) (to defeat motion for summary judgment, nonmoving party must produce "evidence of evidentiary quality," i.e., admissible evidence). With respect to Coogan (a physician's assistant at USP-Marion), Clifton claims that he deliberately failed to treat his medical needs by disguising his wounds after the beating and failing to make proper entries into his medical files