## Kevin Knight *vs.* Commonwealth.

No. 97-P-1913.

Worcester. December 18, 1998. - April 30, 1999.

Present: Kass, Dreben, & Spina, JJ.

*Massachusetts Tort Claims Act. Statute,* Construction. *Contract,* Settlement agreement, Release from liability. *Release. Fraud. Words,* "Same subject matter."

The language of G. L. c. 258, § 5, second par., barred a subsequent claim against the Commonwealth for personal injuries following the settlement of a claim for property damage and execution of a release of all other claims arising out of the same factual circumstances, where no fraud such as would avoid the preclusive effect of the statute was alleged or shown. [675-678]

Civil action commenced in the Superior Court Department on October 14, 1994.

The case was heard by *Stephen E. Neel,* J., on a motion for summary judgment.

*Janet H. Pumphrey* for the plaintiff.

*Michelle A. Kaczynski,* Assistant Attorney General, for the Commonwealth.

Kass, J. After he had settled a claim for property damage to his 1985 Ford pickup truck with the Commonwealth, Kevin Knight brought a further claim under the State Tort Claims Act (G. L. c. 258) against the Commonwealth for personal injuries received in the same accident. The Commonwealth, acting through the Massachusetts Highway Department, responded that the additional claim was barred by G. L. c. 258, § 5, which provides that any settlement precludes further claims arising out of the same subject matter. A judge of the Superior Court allowed a summary judgment motion in favor of the Commonwealth. Knight, who challenges the application of the preclusive statute, appeals. We affirm.

1. *Facts.* A snow plow operated by an employee of the Massachusetts Highway Department (MHD) struck the plaintiff Knight's truck in Gardner on February 12, 1993. On May 20, 1993, Knight made a written presentation, see G. L. c. 258, § 4, to the Secretary of Transportation. With his letter, Knight enclosed an accident report and an estimate of what it would take to repair his truck. On June 10, 1993, he received a form letter response from the general counsel of the Executive Office of Transportation and Construction, acknowledging the claim letter, asking for a copy of an accident report (which Knight had already sent), two estimates of repair, and any medical reports. According to an affidavit Knight filed in opposition to the Commonwealth's motion for summary judgment, Knight had experienced "extreme difficulty in negotiating a property damage settlement with the Commonwealth" and sought help from his State Senator.

Although the Commonwealth's initial response to Knight took note that the statute allowed a government agency six months to investigate a claim under G. L. c. 258, senatorial intervention may have sped up the machinery because, only eighteen days later, under letter dated June 28, 1993, the Commonwealth wrote to Knight offering to settle his claim for $1,200. The settlement letter informed Knight that his acceptance must be in writing and that "Furthermore, your acceptance of the settlement shall be final and conclusive, constituting a complete bar to any action by you against such public employer or public employee by reason of the same subject matter." Enclosed with the settlement offer were two copies of a release, drafted by the Commonwealth. Knight signed the releases on July 7, 1993, received the Commonwealth's check, and cashed it.

At the time he took the Commonwealth's money, Knight had been seeing a chiropractor more or less weekly since April, 1993, two months after the accident. On January 24, 1994, Knight, now represented by counsel, wrote a second claim letter to the Secretary of Transportation under the State Tort Claims Act concerning the February 12 accident, this time asking compensation for personal injuries. Approximately one month later, the MHD wrote to Knight's counsel explaining that Knight's claim was barred by G. L. c. 258, § 5.

2. *Bar against multiple claims under State Tort Claims Act.* The second paragraph of G. L. c. 258, § 5 (set out in full in the

margin), provides that, barring fraud, a public employer, a statutory term that includes the Commonwealth (see G. L. c. 258, § 1), shall not be subject to multiple actions by the same plaintiff arising out of the "same subject matter."[1] That phrase is not so wholly self-defining as to foreclose raising the question whether property damage and personal injuries are different subject matter. The language "shall constitute . . . a complete bar to any action by the claimant . . . by reason of the same subject matter" is, however, borrowed from the Federal Tort Claims Act, 28 U.S.C. §§ 2672 and 2676 (1994), and we look to the construction given those parallel Federal statutes by Federal courts. *Howard* v. *Burlington*, 399 Mass. 585, 589 (1987). *Bailey* v. *Bourne*, 38 Mass. App. Ct. 70, 72 (1995).

The interpretation placed by Federal courts on "same subject matter" is that it means "arising out of the same actions, transactions, or occurrences." *Serra* v. *Pichardo*, 786 F.2d 237, 239-241 (6th Cir.), cert. denied, 479 U.S. 826 (1986). *Arevalo* v. *Woods*, 811 F.2d 487, 489-490 (9th Cir. 1987). *Rodriguez* v. *Handy*, 873 F.2d 814, 816 (5th Cir. 1989). See *Gasho* v. *United States*, 39 F.3d 1420, 1437-1438 (9th Cir. 1994), cert. denied sub nom. *Ball* v. *Gasho*, 515 U.S. 1144 (1995); *Hoosier Bancorp, Inc.* v. *Rasmussen*, 90 F.3d 180, 184 (7th Cir. 1996). "Same subject matter" refers to the bundle of facts that are the source of the claim, not the character of the claim. *Rodriguez* v. *Handy, supra*. Although the cases cited are based on interpretation of 28 U.S.C. § 2676, which deals with judgments, substantially similar language appears in 28 U.S.C. § 2672, which deals with settlements. The language in § 2672 is an even closer match with that of G. L. c. 258, § 5. Section 2672 provides:

> "The acceptance by the claimant of any such award, compromise, or settlement shall be final and conclusive on the claimant, and shall constitute a complete release of any

---

[1]The text of the second paragraph of G. L. c. 258, § 5, as inserted by St. 1978, c. 512, §. 15, is as follows: "The acceptance by the claimant of any . . . award, compromise or settlement shall be in writing and shall, except when procured by fraud, be final and conclusive on the claimant, and shall constitute a complete release of any claim against the public employer or against the public employee whose negligent or wrongful act or omission gave rise to such a claim, and a complete bar to any action by the claimant against such public employer or public employee, by reason of the same subject matter."

claim against the United States and against the employee of the government whose act or omission gave rise to that claim, by reason of the same subject matter."

3. *Assertion of fraud.* Fraud in the inducement of a settlement avoids the preclusive effect. G. L. c. 258, § 5. Knight argues that fraud is in the picture because, according to an affidavit filed by him in opposition to summary judgment, he had advised the Commonwealth that he wanted only to settle his property damage claim and would pursue his personal injury action after settling the property damage claim. Those assertions, taken as true and read indulgently, *Salem Bldg. Supply Co.* v. *J.B.L. Constr. Co.*, 10 Mass. App. Ct. 360, 365 (1980), do not support a case based on fraud. They allege no representation by the Commonwealth calculated to mislead Knight. See *Boston Five Cents Sav. Bank* v. *Brooks*, 309 Mass. 52, 55-56 (1941); *Robertson* v. *Gaston Snow & Ely Bartlett*, 404 Mass. 515, 523, cert. denied sub nom. *Robertson v. Snow*, 493 U.S. 894 (1989). All Knight's affidavit discloses is what he said — nothing that the Commonwealth represented. Indeed, the settlement offer letter from the Commonwealth specifically called to attention that the settlement would be final and conclusive and would constitute a complete bar to further action.

4. *Effect of the release.* With that settlement letter the Commonwealth sent a release, and it is the language of the release that Knight particularly embraces. The release, whose author displays a taste for legal flourishes, provides:

> "In consideration of One Thousand Two-Hundred dollars, ($1,200.00), paid by the Commonwealth of Massachusetts, acting by and through the Executive Office of Administration and Finance, the receipt of which is hereby acknowledged, I, Kevin Knight, being of lawful age and having the authority to execute this RELEASE, do hereby release, acquit and discharge the Commonwealth of Massachusetts and its employees from all claims and demands of whatever nature, arising out of my claim for property damage, which occurred on Route 68 in Gardner, Massachusetts on or [*sic*] February 12, 1993."

. Knight's suggestion is that the release targets only property damage, although that is not quite what the document says. It releases the Commonwealth from claims "of whatever nature"

arising out of the claim Knight had made, namely his request to be reimbursed for the expense of having his truck repaired. That request grew out of the collision that had occurred February 12, 1993. In light of that language, we interpret the release to refer to claims of whatever nature connected with the February 12 accident.

In that interpretation we are reinforced by the statutory policy reflected in G. L. c. 258, § 5, that acceptance of a settlement cuts off further claims based on the same underlying incident. Knight's mistaken belief that he had the right to bring a further action against the Commonwealth does not vitiate the statutory declaration that a tort claimant against the Commonwealth gets one bite at the apple.[2] "The deliberate, uncoerced, and business-like process by which the parties reached final, written agreement[] cannot be undone merely on the claim, later asserted, that the plaintiff[] understood that the commitment and obligations of the parties were otherwise than as stated in the signed contract documents." *McCartin* v. *Westlake*, 36 Mass. App. Ct. 221, 231 (1994). "[T]hat [the plaintiff] perhaps misunderstood the legal implications of accepting the settlement award or proof of a lack of intent to relinquish the claims now being advanced is not enough to vitiate the release [of his claims]." *Wright* v. *United States*, 427 F. Supp. 726, 729 (D. Del. 1977).

*Judgment affirmed.*

---

[2]We need not decide whether, notwithstanding the one-bite policy of G. L. c. 258, § 5, the Commonwealth and a tort claimant could, through contract, settle one aspect of a claim while reserving a claimant's right to press and litigate a remaining claim. Compare *Macy* v. *United States*, 557 F.2d 391, 394 (3d Cir. 1977).